THE ÆTNA INSURANCE COMPANY v. S. & L. McLEAD.
### No. 8580.

1. INSURANCE—*Action on Policy—Pleading—Concurrent Insurance.* In an action on a policy of insurance, by the terms of which concurrent insurance is allowed, and where it is provided in substance that in case there is concurrent insurance the loss shall be prorated between the companies issuing the different policies, and that the defendant company shall also be entitled to the benefits of limiting clauses in the policy issued by the other company, where the plaintiff in fact takes a policy from another company, it is not necessary that he should allege in his petition that he holds the other policy, or set up its provisions; it is for the defendant, by its answer, to avail itself of any defense it may have by reason of such co-insurance.

2. ———— *Arbitration—Inoperative Provisions in Policy.* Provisions in a policy of insurance that, "in case of failure to agree, the damage shall be appraised on each article by disinterested appraisers mutually agreed upon," and "that, in case differences shall arise touching the amount of any loss or damage, it shall be submitted to the judgment of arbitrators mutually chosen, whose award in writing shall be binding on the parties,"

and that no action against the company shall be sustained unless an award, as provided, shall first have been returned, are inoperative when no arbitrators are agreed upon, and do not make arbitration a condition precedent to the plaintiff's right of recovery, because they are indefinite, provide no means for determining the number of arbitrators, or mode of selecting them, and place it in the power of either party, by refusing to agree to any selection made by the other, to prevent an arbitration.

3. ———— *Proofs of Loss—Policy Construed.* Where a policy of insurance makes the loss payable 60 days after proofs thereof are furnished, and provides fully what such proofs shall contain, and then requires the defendant to furnish duplicate bills of goods purchased, only if required by the insurer, such duplicate bills are not a part of the proofs of loss, and the 60 days begins to run from the time the original proofs are delivered to the company.

*Error from Marion District Court.*
*Hon. Lucien Earle, Judge.*

AFFIRMED.                    OPINION FILED JUNE 6, 1896.

*H. M. Jackson,* for plaintiff in error.

*King & Kelley,* for defendants in error.

The opinion of the court was delivered by

ALLEN, J. : The defendants in error brought suit against the plaintiff in error to recover $2,800 claimed under a policy of insurance — $2,000 on a general stock of merchandise, and $800 on furniture and fixtures, alleged to have been destroyed by fire on the 25th day of May, 1891. A copy of the policy was attached to the petition, and its execution was admitted by the defendant. The petition alleges that due notice of the fire was given in accordance with the terms of the policy; that proofs of loss were made as required; that the plaintiff had performed all the conditions of the policy on his part; and that the defendant, through its agents, had examined the plaintiffs under oath as to the amount and cause of the loss, and refused to pay the same, and thereby waived all proofs

of loss.   The answer admits that the property was destroyed by fire, as alleged, except about $250 worth, and alleges fraud and false swearing in the proofs of loss furnished by the plaintiffs, and the existence of concurrent insurance on the property to the amount of $1,700, and that the defendant was entitled to have the loss prorated between the two companies in case it should be held liable.   There was a general denial of the allegations of the petition not expressly admitted.   The reply admitted that the plaintiffs held another policy of insurance for $1,700, concurrent with that of the defendant, but alleged that the total value of the property destroyed was $6,000.   The case was tried with a jury, and a general verdict rendered in favor of the plaintiffs for the amount of the policy.

I.   The answer alleged, and the reply admitted, that the plaintiffs held concurrent insurance.   There were conditions on the back of the policy issued by the defendant with reference to the liability of the defendant in such a case.

1. Concurrent insurance— pleading.

It is urged by counsel here that the petition fails to state a cause of action because of the failure of the plaintiffs to set up in their petition the other policy, which was issued by the Denver Insurance Company, and to show what its terms and conditions were affecting the defendant's rights.   The only attempt to raise any question on the sufficiency of the pleadings was by objection to the introduction of evidence.   We find nothing substantial in the contention.   The petition was sufficient.   If there was anything in the policy of insurance issued by the Denver company exempting the defendant from any part of its liability, it was a matter of defense of which the defendant could take advantage by answer.   The plaintiffs' rights were not based on the concurrent policy of insurance, and it

was unnecessary to make any reference to it in the petition. The authorities cited do not apply to the case under consideration.

II. One of the principal questions presented is whether the submission of the amount of loss to appraisement by arbitrators was a condition precedent to the plaintiffs' right of recovery. The provisions of the policy affecting this question are as follows :

2. Provisions for arbitration.

"In case of failure to agree the said damage shall be appraised on each article by disinterested appraisers mutually agreed upon, whose detailed report in writing shall form a part of the proofs required to be furnished by the claimant ; one-half of the appraisers' fees to be paid by the insurers. · . . Payment of losses shall be made in 60 days after the loss shall have been ascertained and proved, and in case differences shall arise touching the amount of any loss or damage, it shall be submitted to the judgment of arbitrators mutually chosen, whose award in writing shall be binding on the parties. . . . It is furthermore, hereby expressly provided and mutually agreed, that no suit or action against this company for the recovery of any claim for loss, by virtue of this policy, shall be sustainable in any court of law or chancery, unless an award of damages by arbitrators as herein provided for shall first have been returned."

There is no claim on the part of the plaintiffs below that any award was ever made, or that any request was made by either party that appraisers or arbitrators should be chosen. It was claimed, however, by them that the adjusters who came to Marion, where the plaintiffs live, and where the property destroyed was situated, and examined into the circumstances of the loss, had denied all liability under the policy, and that they thereby waived the conditions of the policy with reference to arbitration and proofs of loss. The

insurance company claimed that it had never denied liability prior to filing its answer in the case, and that it had never waived any of the conditions of the policy. We shall consider the case as though the defendant's contention in this respect were sound, and shall assume that there never was a denial of liability, though the jury in answer to a special question found that there was such a denial.

There certainly was a disagreement between the parties as to the amount of the plaintiffs' loss, and as to the value of the property destroyed by the fire, so that the provisions of the policy with reference to arbitration clearly apply. Are they valid and enforceable? Is arbitration a condition precedent to the plaintiffs' right of recovery? The learned counsel for the plaintiff in error cites a long list of authorities to sustain his position. We shall notice only so many of them as seem necessary to illustrate the current of decisions on this subject. The case of *Insurance Co. v. Clancy*, 71 Tex. 5, was an action on a policy providing that, unless the amount of damage should be agreed upon, it should be appraised by disinterested and competent persons, one to be selected by the company, one by the assured, and, when either party demanded it, the two so chosen 'to select an umpire, and the award of ·any two to be binding. This appraisal was to form a part of the proofs of loss, and to be made before the loss should be payable. It was held a valid provision, and that no action could be maintained if the insured, upon demand made for such appraisement, refused to comply therewith, and that the appraisement was a condition precedent to the plaintiff's right of recovery. The case of *Manufacturing Co. v. Assurance Co.*, 106 N. C. 28, is to the same·effect. In the case of *Chippewa Lumber Co. v.*

*Insurance Co.*, 80 Mich. 118, the provisions of the policy were substantially the same as in the other cases. There was no express demand of arbitration, but the insurance company insisted "on estimating the loss under the contract," and it was held that the provision of the policy was valid, and a condition precedent to the plaintiff's recovery. In the case of *Chandos and another v. American F. Ins. Co. of Philadelphia*, 84 Wis. 184, it was held, that "the decision of arbitrators or appraisers, chosen pursuant to an insurance policy, to determine the amount of a loss as to what particular articles or items of property are embraced within the general description of the property insured, is final and conclusive," and that a mortgagee to whom the insurance was payable was bound by the award though not a party to it. In *Wolff v. Insurance Co.*, 50 N. J. L. 453, it was held on demurrer that a provision similar to the one in the Texas case, above cited, "making an appraisal of the amount of the loss or damage a prerequisite to a suit on the instrument, is legal." In *Insurance Co. v. Wilson*, 45 Kan. 250, it was held that the provision of the policy then under consideration did not make arbitration a condition precedent to recovery, and that a refusal on the part of the insurance company to arbitrate was a waiver of the provision. In *Insurance Co. v. Wallace*, 48 Kan. 400, it was held that where a stipulation is contained in the policy that "in case differences shall arise as to the amount of any loss or damage . . . the matter shall, at the written request of either party, be submitted to two impartial appraisers," and where it did not appear that differences arose as to the amount of loss or damage, and neither party asked that appraisers be appointed, arbitration was not a condition precedent to recovery.

In all the cases we have examined in which arbitration has been held a condition precedent to recovery, the policy under consideration pointed out a definite and practicable method of selecting arbitrators to determine the question.  In the policy now under consideration the number of arbitrators is not fixed, and the method of appointment is by mutual agreement, rendering it necessary, if arbitration should be had, that the parties should both agree, first, as to the number of arbitrators to be chosen, and, second, on each person who should act as such.  In the case of *Case v. Insurance Co.*, 82 Cal. 263, it was held that a clause in the policy that "in case of differences touching any loss or damage after proof thereof has been received in due form, the matter shall, at the written request of either party, be submitted to impartial appraisers, whose award in writing shall be binding on the parties," and not providing for the number of appraisers or the mode of their selection, is too vague to give defendant a right to demand arbitration, and plaintiff's refusal of such demand does not deprive him of the right to sue on the policy, or to prove the full amount of his loss, even though it is more than stated by him in the proofs.  The case of *Mark v. National Fire Ins. Co.*, 24 Hun, 565, was an action on a policy of insurance containing the following provision :

"In case differences shall arise touching any loss or damage after proof thereof has been received in due form, the matter shall, at the written request of either party, be submitted to impartial arbitrators, whose award in writing shall be binding on the parties as to the amount of such loss or damage, but shall not decide the liability of the company under this policy."

It then provided that no action should be maintained until after an award.  It was held that an award was not a condition precedent to a recovery,

but that the clause in the policy would be treated as an independent covenant, collateral to the agreement to pay. In that case an attempt was made to name arbitrators but the parties failed to agree on the persons who should act as such. This decision was affirmed by the court of appeals. (91 N. Y. 663.)

No attempt was made to arbitrate in this case, and we think the provisions of the policy are without any binding force, for two reasons : First, they are vague and indefinite ; and second, they place it within the power of either party effectually to defeat any submission to arbitration merely by refusing to consent to the number of arbitrators named by the other party, or to agree to the persons suggested. Neither party should be charged with unfairness because of a refusal to accept as arbitrators persons suggested by the other. No means are provided for bringing the parties to terms and securing arbitrators should they attempt to do so. It is like requiring two persons to enter into a new contract, the terms of which either one is at full liberty to accept or reject.

III. Formal proofs of loss were made out by the plaintiffs and forwarded to the home office of the defendant company, where they were received on the 12th day of June. The company forwarded them to its general agent at Omaha, and the plaintiffs heard nothing from them until July 12, when their attorneys received a letter from their agent at Omaha, dated July 10, calling for duplicate bills of the entire stock of goods purchased since the plaintiffs commenced business. There were other criticisms of the proofs contained in the letter, but there was an explicit demand for the duplicate bills. The original bills having been destroyed by fire, the plaintiffs obtained a large number of dupli-

3. Proofs of loss —copies of invoices.

cate bills from wholesale houses, which, with an explanatory affidavit of one of the plaintiffs, were forwarded to the defendant August 1.   No response was received until the 8th day of September, when the company objected to the bills as not being certified under the conditions of the policy.   This action was commenced on the 5th of September, and it is insisted that it was prematurely brought; that the loss was not payable until 60 days after proofs of loss were furnished; that duplicate bills constituted a part of the proofs required by the policy, and that those sent were insufficient and not received 60 days before the commencement of the suit.   It is conceded that the duplicate bills were not furnished 60 days before the commencement of this action.   In the face of the policy it is provided that the loss is "to be paid within 60 days after notice and proof thereof made by the assured in conformity to the conditions printed on the back of this policy."   On the back of the policy, No. 14 provides what the proofs of loss shall contain, and then continues: "And also, if required, shall produce their books of account and other proper vouchers, and furnish certified copies of all bills and invoices," and then further provides that the insured shall, if required, submit to an examination. The policy does not treat the certified bills as a part of the proofs of loss.   They are mentioned after a full statement of what the proofs of loss shall contain, and are only to be furnished in case the company shall require them.   We think the loss became payable 60 days after the original proofs were received by the defendant, and that the suit was not prematurely brought.

IV.   The defendant asked the court to require the jury to answer 94 special questions.   Of these the

court required answers to 39 only, and complaint is made of the refusal to require answers to all the

4. Special questions to the jury.

questions. We think the court ruled correctly in the matter. The questions it declined to submit to the jury were as to minute and unimportant matters, and answers to them would not have thrown any light on the question of the defendant's liability, or the amount thereof. Numerous other complaints of the action of the court in admitting and excluding evidence, in giving and refusing instructions, in allowing an amendment to the petition and in overruling the motion for a new trial are made, but we find nothing substantial in any of them. The construction we have given to the provisions of the policy renders the question of waiver, which was considerably mooted at the trial, unimportant, as the conditions relied upon do not avail the defendant. Several pages of the brief are devoted to figures by which it is attempted to show that the plaintiffs' loss was less than they claim. The total amount of insurance under the policies issued by both companies was $4,500. Several competent witnesses testified that the property destroyed was worth $5,000. Two hundred dollars' worth in all was saved. The verdict of the jury settled the question as to the amount of the loss, and, being based on competent evidence, leaves nothing to review here.

We find no substantial error in the record, and affirm the judgment.

All the Justices concurring.