EDWARD COOKE *et al.* FRANCIS BLAKELY *et al.*
### No. 159..

1. OSAGE INDIAN TRUST LANDS—*notice of contest to mortgagee not necessary.* In a contest case involving the validity of an entry upon a tract of the Osage Indian Trust Lands, it was not necessary to notify the mortgagee of the tract, when it did not appear that he had filed a statement of his interest in the local land office.

2. CONDITION PRECEDENT—*return of money not a, in this case.* The return of purchase money is not a condition precedent to the cancellation of the entry in question.

3. DECISION OF LAND OFFICERS—*final between the parties and not subject to collateral attack.* The decision of the land officers upon questions of fact in a contest case is conclusive upon the parties and is not subject to collateral attack.

Error from Harper District Court. Hon. G. W. McKay, Judge. Opinion filed November 16, 1897. *Affirmed.*

*C. N. Sterry* and *Edwin A. Austin*, for plaintiffs in error.

*Geo. B. Crooker* and *T. A. Noftzger*, for defendants in error.

MILTON, J. This was an action brough by Thomas Krutz, one of the plaintiffs in error, to foreclose a mortgage against Edward Cooke and Caroline M. Cooke, also plaintiffs in error, and Francis Blakely.

The petition was in the ordinary form of such petitions, describing a mortgage made, July 1, 1880, except that it alleged that judgment had already been had against the makers, Edward Cooke and Caroline M. Cooke, on the bond and coupons thereby secured, on Apri l1, 1885 ; and it alleged that said defendant Francis Blakely, among others, had or claimed some interest, right or title to the real estate, but that said

claim, interest, right or title was inferior, subject and subordinate to the lien, claim and interest of plaintiff.

Edward Cooke filed as his answer in said action a cross-petition against his codefendant Francis Blakely. Blakely answered the petition by a general denial and also by the averment that he was the owner of the mortgaged premises under a patent issued to him by the United States. He also filed an answer to the cross-petition of Edward Cooke, alleging the cancellation of Cooke's prior entry by the Commissioner of the General Land Office on a contest proceeding instituted by said Blakely, and the issue of a patent to himself for said land.

To this answer of Blakely, the plaintiff Krutz filed a reply, in which he set up all the proceedings in the local and general land offices relating to the entries of the defendants Leonard W. Cooke and Francis Blakely, and in the contest case.

The trial court rendered judgment upon the pleadings in favor of Blakely and against the plaintiffs in error. From the somewhat voluminous pleadings, the following statement of facts is extracted:

On July 23, 1879, Leonard W. Cooke, who then possessed the qualifications of a pre-emptor, filed in the United States land office at Wichita, Kan., a declaratory statement of his intention to purchase the tract of land described in plaintiff's petition, which was a part of the Osage Indian Trust and Diminished Reserve Land, and on May 21, 1880, made final proof therefor as to his settlement upon and improvement of said land in conformity with the law, paying therefor the purchase money, two hundred dollars, and receiving a receipt and certificate of purchase in the usual form for the same. On the same day, he conveyed the said tract to Edward Cooke by warranty deed,

COOKE v. BLAKELY. 709

Nov. 16, 1897.       Opinion.   Milton, J.      C. Div.

which was, on May 24, 1880, duly recorded in the office of the register of deeds of Harper County, Kansas, where the land is situated. July 1, 1880, Edward Cooke executed and delivered to Thomas S. Krutz a mortgage upon said land, it being the mortgage for the foreclosure of which this action was begun. On February 18, 1880, Francis Blakely, then possessing the qualifications of a pre-emptor, settled on the same tract of land, and the next day filed in the land office at Wichita his declaratory statement therefor. On March 22, 1883, Blakely made final proof of his settlement upon said tract and his improvement of the same as required by law, paid to the United States for said premises the sum of two hundred dollars, and received from the register and receiver of the land office at Wichita a receipt and certificate of purchase in the usual form. On November 30, 1885, a patent was issued by the United States to Blakely for said land.

On August 25, 1880, Blakely commenced, in the land office at Wichita, a contest to cancel and set aside the receipt and certificate of entry held by Leonard W. Cooke, the notice thereof being served on his transferee, Edward Cooke, only. The notice was issued and served on the ninth day of September, 1880. Afterward the contest proceedings were had in said land office, and a decision was rendered therein by the register and receiver canceling the entry of said Leonard W. Cooke. The latter appealed to the Commissioner of the General Land Office, who, on January 30, 1882, affirmed the decision of the local officers. From the letter of the Commissioner affirming the decision, it appears that the contest hearing occurred on October 26, 1880; that the parties in interest were present in person or represented by counsel, and that the Commissioner found, as the

local officers had done, that Leonard W. Cooke had never established a *bona fide* residence on the land, and that his "proof" concerning his continuous residence upon and improvement of said tract was false and fraudulent. It was found that Blakely settled upon the land in controversy on February 18, 1880, and that, between the fifteenth and twentieth of July, the house he had built thereon was torn down during his absence and the material hauled away by "Ned Cooke," who ordered Blakely off the land, stating at the same time that he had a deed for it. Leonard W. Cooke appealed from the decision of the Commissioner to the Secretary of the Interior, who, by his official letter of January 17, 1883, affirmed the decision of the local land office and of the Commissioner. On January 23, 1883, the Commissioner of the General Land Office, by his official letter of that date, ordered the said entry canceled and declared the land open for settlement. These proceedings delayed the final proof of Blakely, which was made, as already stated, in March, 1883. No notice of the contest proceedings was served on Krutz, and he had no actual knowledge of the same or of Blakely's claim to the premises until after the contest proceedings were over.

Blakely has filed a cross-petition in error, in which he complains of certain rulings and orders made by the trial court at a term prior to that at which the case was finally disposed of. We shall pass over these objections and consider only one question in the case ; that is, Would Blakely have been entitled to the judgment in his favor if all the facts alleged in the pleadings had been proven?

Plaintiffs in error contend that the cancellation of Cooke's entry was erroneous for three reasons, to wit : *First,* that it was done without notice to Krutz, and without any knowledge by him of the institution or

pendency of the contest ; *second*, that there was no return of the purchase money paid by Cooke, or offer to return the same, before or in connection with the cancellation ; *third*, that the cancellation was on the ground of fraud in the proof as to length of residence and amount of improvements, when the law only required actual settlement of the land, which, they claim, was proven on the part of Cooke.

I.   Section 2263 of the Revised Statutes of the United States of 1878 provides that, prior to any entry of a tract of land, a pre-emption proof of settlement and improvement, required by section 2259, shall be made to the satisfaction of the register and receiver of the land district in which such land lies, agreeably to such rules as may be prescribed by the Secretary of the Interior ; and, also, that "all assignments and transfers of the right hereby secured, prior to the issuing of the patent, shall be null and void." Section 2273 provides that all questions as to the right of preemption arising between different settlers shall be determined by the register and receiver of the local land office, and that appeals from the decisions of such officers shall be made to the Commissioner of the General Land Office, whose decision shall be final unless appeal therefrom be taken to the Secretary of the Interior.   Section 2283 provides that the Osage Indian Trust and Diminished Reserve Land in Kansas shall be subject to disposal, for cash only, to actual settlers, in accordance with the general principles of the Pre-emption Laws, under the direction of the Commissioner of the General Land Office.

It is evident that by these statutes Congress intended to confer upon the heads of the land department all needful powers in respect to the disposition of the public lands and of the Osage Indian lands held in

trust. Rules are to be prescribed by the Secretary of the Interior. In the rules he has prescribed for the guidance of local land officers, none is to be found requiring that notice of a contest proceeding shall be given to the mortgagee of the land involved in such controversy. In volume 1, Decisions of the Department of the Interior, page 106 (1 Land Dec. 106), Commissioner McFarland, in an official communication to a register and receiver concerning a contest case, ruled as follows : ''This office does not recognize purchasers or third parties prior to issuance of patent. . . . The doctrine of *bona fide* purchasers is not applicable to one who purchases from a settler before patent. As the settler has only an equity, the purchaser must abide by the disposition of the case by this department, irrespective of notice or recognition.'' See further, as sustaining this proposition, *Featherspil's Case*, 4 Land Dec. 570 ; *Hill's Case,* 5 id. 276 ; *Joline's Case*, 5 id. 589 ; *United States v. Lawrence*, 16 id. 47. The land department has followed this ruling in all similar cases. In *Ferry's Case* (14 Land Dec. 126), Secretary Noble held that it is incumbent upon a transferee who alleges on motion for review that a decision has not become final as to him for want of notice, to affirmatively show that a statement of his interest was on file in the local office. See also *Robinson v. Knowles*, 12 Land Dec. 462.

II. The return of the purchase money was not a condition precedent to the cancellation of Cooke's entry, nor would repayment be authorized in a case where the entry was canceled on account of false testimony in the final proof. *Walsh's Case*, 5 Land Dec. 319 ; *Woodward's Case*, 2 id. 688 ; *Reynolds' Case*, 12 id. 131 ; *Hatch's Case*, 12 id. 607.

III. The contention that the cancellation of Cooke's

entry was on account of the insufficiency of the proof as to length of residence and amount of improvements, when the only proper question for consideration by the land officers was whether or not he was an actual settler on the land at the time of his final proof, is not sustained by the pleadings.   Plaintiff below, as a part of his reply, set forth the decisions of the Commissioner and the Secretary in the contest case.   In both of these, the statement is made that Cooke was not an actual settler on the land.   The Commissioner said :  " In regard to the defendant's residence on the land, it is shown by his own testimony and that of his witnesses that up to the time of the hearing he had never established a *bona fide* residence thereon ; " and the Secretary stated in his letter to the Commissioner, " I concur with you in the opinion that he was not an actual settler and that his entry should be canceled."   Under the provisions of section 2283 of the United States Statutes, already in part quoted, it was necessary that Cooke should have been an actual settler on the land at the date of making his final proof.

The decision of the land officers upon questions of fact in a contest case is conclusive upon the parties and is not subject to collateral attack.   See *Steel v. Smelting Company*, 106 U. S. 447, and cases there cited ; *Aurora Hill Con. Min. Co. v. Eighty-Five Min. Co.*, 34 Fed. Rep. 515.

The judgment of the trial court is affirmed.