[No. 3744. Decided April 24, 1901.]

David Whitney, Jr., *et al., Appellants*, v. A. N. Spratt, *Respondent.*

PUBLIC LANDS — CANCELLATION OF ENTRY — NOTICE TO TRANSFEREE OF ENTRYMAN.

Under the rules of the land department of the federal government, the *ex parte* cancellation of an entry of public land is invalid, where the entryman had transferred his rights therein to another and the government had actual notice of the transfer but failed to give the transferee notice of the proceedings for cancellation.

SAME — TIMBER LANDS — CONSTRUCTION OF STATUTE.

Under 20 St. at Large, 89, which provides for the sale of public lands, "valuable chiefly for timber, but unfit for cultivation," a ruling by the commissioner of the general land office that lands which were chiefly valuable for timber at the time of entry, but which could be cultivated after the removal of the timber, were not purchaseable under the act, was erroneous.

Appeal from Superior Court, Cowlitz County.—Hon. Abraham L. Miller, Judge.          Affirmed.

*Dolph, Mallory, Simon & Gearin,* for appellants.

*Stott & Stout* and *T. H. Ward,* for respondent.

The opinion of the court was delivered by

Reavis, C. J.—Suit commenced by plaintiffs against defendant to remove a cloud from plaintiff's title to section 32, township 9 N., range 4 W., in Cowlitz county. Only the northeast and the southeast quarters of the section are in controversy upon appeal, plaintiffs having succeeded as to the other half of the section. The defendant answers, alleging that plaintiffs' claim to the northeast quarter of said section was deraigned through one Henness, who held under patent from the United States, and the southeast quarter was claimed by plaintiffs through one Walker, who likewise held under patent from the government; that

such patents were wrongfully issued to Henness and
Walker, and in truth and equity defendant is the owner
of the two quarter sections, deraigning title to the north-
east quarter from one Frank Smith, and to the southeast
quarter through one James M. Radcliffe; that Smith and
Radcliffe entered, respectively, the said northeast and
southeast quarters as timber land, on May 26, 1883, under
the "timber and stone" act of congress of June 3, 1878 (20
St. at Large, 89), and made application to purchase the
same, both applications being made on the same day; that
they each complied with the law in relation to the purchase
of timber land, and each paid the purchase price thereof to
the government and received a receiver's certificate there-
for; that after the receipt of such certificates they, by war-
ranty deed, duly transferred the respective tracts, for a
valuable consideration, to A. N. Spratt, defendant; that
on the 21st of January, 1886, the commissioner of the
general land office erroneously canceled the entries of
Smith and Radcliffe, and thereafter issued the patents to
Henness and Walker. The proceedings of the land de-
partment are set out with particularity, and the answer
alleges that such proceedings were invalid, because no
notice was given to Spratt, the transferee of Smith and
Radcliffe. It is also alleged that the commissioner of
the general land office erred in his construction of the tim-
ber purchase act, in that he ruled that land which was
chiefly valuable for timber, but which could be cultivated
after the timber was removed, was not purchaseable under
the act, and held the entry was void on that ground. De-
fendant prays that he may be declared the equitable
owner of the two quarter sections, that plaintiffs be ad-
judged to hold the patents in trust for him, and that con-
veyance of the legal title be made to him. By stipulation
all the evidence and proceedings in the land department

are in the record. Defendant introduced competent testimony tending to show that the entries of Smith and Radcliffe were made in good faith; that the two quarter sections entered by them were in fact timber land, more valuable for the timber than any other purpose, incapable of cultivation until the removal at great expense of the timber therefrom, and that such premises were in fact timber lands under the act of congress.

As observed by counsel for appellants, two questions arise here: 1. Was Spratt, the transferee of the entrymen, Smith and Radcliffe, entitled to notice of the proceedings in the land office which resulted in the cancellation of their entries? It may be observed that the warranty deeds, executed by the entrymen conveying their lands to Spratt, were of record in the auditor's office of Cowlitz county before the contest for cancellation was instituted, and that the special agent, who made the examination, and upon whose reports the proceedings were instituted, advised the land department of the transfers. It will thus be seen that knowledge of these transfers and of the interest of Spratt was conveyed to the land department before the notice of contest was given to the entrymen, and notice was directed to be given to the transferee by the commissioner of the general land office, but in fact was not given, and the transferee had no knowledge of the contest. The commissioner of the general land office, after a hearing, which was *ex parte,* canceled the entries of Smith and Radcliffe, and thereafter issued the patents to Henness and Walker, through whom plaintiffs deraigned title. It would seem upon these facts that the established rule as to notice pursued by the land department for many years was violated in the proceedings for cancellation. *United States v. Copeland,* 5 Land Dec. Dep. Int. 170; *United States v. Richardson,* 5 Land Dec. Dep. Int. 253; *Wind-*

*sor v. Sage,* 6 Land Dec. Dep. Int. 440; *United States v. Thomas,* 9 Land Dec. Dep. Int. 576; *Fleming v. Bowe,* 13 Land Dec. Dep. Int. 78; *United States v. Newman,* 15 Land Dec. Dep. Int. 224.

The courts will take judicial notice of the rules and decisions of the land department. *Caha v. United States,* 152 U. S. 211 (14 Sup. Ct. 513).

The respective parties to the cause have also submitted a stipulation that knowledge of rules and decisions of the land department is recognized in the hearing of this cause. But apparently the necessity of such notice to foreclose the rights of the transferee has been set at rest by the highest authority. In *Guaranty Savings Bank v. Bladow,* 176 U. S. 448 (20 Sup. Ct. 425), the pertinent facts for consideration here were that one Anderson filed his homestead application, thereafter commuted his homestead to a preemption entry, made final proof of his claim, and received a final certificate which was duly recorded in the proper county, and thereafter executed a mortgage upon said land in good faith, which mortgage was properly recorded. Thereafter the commissioner of the general land office held the entry of Anderson for cancellation on the ground that proper proof of residence was not shown, and thereafter Bladow, defendant, contested the entry of Anderson, and gave due notice of the hearing to Anderson, and upon said hearing Anderson's entry was canceled. The mortgagee was not notified of the hearing. Upon these facts the court observed:

"But the cancellation, although conclusive as to the entryman, upon all questions of fact, if made after notice to him, would not be conclusive upon the mortgagee, if made without notice to such mortgagee and with no opportunity on its part to be heard. That is, it would not prevent the mortgagee, before the issuing of a patent, from taking proceedings in the land department, and therein

5—25 WASH.

showing the validity of the entry, or from proceeding before a judicial tribunal, against the patentee, if a patent had already issued, and therein showing the validity of the entry; such proof in each case would, however, have to be made by evidence other than the certificate which had been canceled."

The defendant, in his answer, having alleged his equitable claim to the land in controversy, the invalidity of the cancellation of the entries of Smith and Radcliffe, and the lack of notice of the hearing in the land office to the transferee, Spratt, fully shows his right to a judicial hearing and determination of the controversy. He has not relied upon the certificate of the entries of Smith and Radcliffe, but has shown by evidence other than the certificates the validity of those entries. The findings of fact of the trial court show that the land in controversy was in fact timber land, within the provisions of the act of congress, and that the entries were made in good faith. We have reviewed the testimony, and we fully approve the findings. We have examined with care the authorities adduced by counsel for appellants. The case of *American Mortgage Co. v. Hopper,* 56 Fed. 67, determines only that the certificate of payment issued to a pre-emptor of public lands may be canceled by the land department; that the certificate is merely an equitable interest in the entryman, and a purchaser from him before a patent issues cannot claim to be protected, as a *bona fide* purchaser, from cancellation of the certificate, on the ground that it is fraudulent and void. In that case the transferee had no notice, but he relied entirely on the validity of the certificate, and did not show in fact that the entry was valid. In the same case on appeal in the ninth circuit (64 Fed. 553), it was determined that, where the land department cancels after issuance to a pre-emptor of a final certificate on the ground that the entry was fraudulent, and issues a patent to

another, the burden is on such pre-emptor, or those claiming under him, in an action to recover the land from the patentee, to show that the department erred in adjudging the title to the defendant, and that the transferee was not entitled to protection as a *bona fide* purchaser. This is not inconsistent with the determination in *Guaranty Savings Bank v. Bladow, supra.* Some of the expressions used in the opinion in *Cook v. Blakely,* 6 Kan. App. 707 (50 Pac. 981), do not seem to be in accord with the weight of authority.

2. Did the commissioner of the general land office err in his construction of the timber act? We are inclined to conclude that he did. An examination of the facts before the commissioner and his construction of the law discloses that he determined that the lands, which were chiefly valuable for timber at the time of the entry, and then unfit for cultivation, were not within the provisions of the timber purchase act. This construction was erroneous. *United States v. Budd,* 144 U. S. 154 (12 Sup. Ct. 575), where facts of a similar nature were before the court.

The judgment of the superior court is affirmed.

FULLERTON, ANDERS and WHITE, JJ., concur.