SWAN J. LARSON, REVIVED IN THE NAME OF LOUISA LARSON, ADMINISTRATRIX, v. FIRST NATIONAL BANK OF PENDER.

FILED DECEMBER 3, 1902.   NO. 9,974.

Commissioner's opinion, Department No. 2.

1. Pleading in Anticipation. A pleader is not required to anticipate matter in avoidance of his allegations.

2. Judicial Notice: EXECUTIVE RULES: STATUTE. Where a statute authorizes executive officers to make general rules for the conduct of public business, and such rules are duly made and published, the courts will take judicial notice of them.

3. **Stare Decisis.** As it is the settled practice of this court that a judgment will not be reversed for errors not argued in the briefs of counsel, a decision affirming a judgment does not become a precedent as to any question not argued or expressly presented to the court, and left unnoticed in the opinion, although it might have been raised, and, if raised, have been decisive of the case.

4. ———. The former opinion in this case (62 Nebr., 303) approved.

ERROR from the district court for Thurston county. Rehearing of case reported in 62 Nebr., 303. Action upon a promissory note given for the lease of certain Indian lands allotted under the act of congress of February 8, 1887. Plea that the note was void under the statute and, *ergo,* there could be no recovery even by an innocent holder. Tried below before EVANS, J. Peremptory instruction for plaintiff and judgment accordingly. *Former judgment of reversal adhered to.*

*Robert G. Strong* and *Daniel H. Sullivan,* for plaintiff in error.

*Guy T. Graves, Mell. C. Jay, Almon C. Abbott, Curtis L. Day* and *Waldo E. Whitcomb, contra.*

POUND, C.

This is a rehearing. The former opinion has been criticised upon three grounds: That the defendant, plaintiff in error, had not properly pleaded the illegality of the note in suit; that the court overlooked the act of congress of February 28, 1891, relating to the leasing of Indian lands; and that the decision is contrary to two prior cases, *Nissen v. Turner,* 50 Nebr., 272, and *Iowa Savings Bank v. Frink,*[*] 1 Nebr. [Unof.], 14, neither of which was referred to. We do not think any of these criticisms well taken.

The first point is that the answer, in setting up the illegality of the note sued on, does not negative the exceptions created by the act of 1891, and goes no further than

———
[*] Affirmed on rehearing, 1 Nebr. [Unof.], 26.

to allege a lease in contravention of the act of 1887. But the act of 1891* is amendatory only. The former act furnishes the general rule, and the latter merely authorizes leases under certain special circumstances, and with certain special safeguards. The pleader states fully and explicitly that the note in suit was part of a contract of leasing, in contravention of section 5 of the act of 1887. In addition, he sets forth that the Indians who purported to make the lease in question "had no right or authority to enter into any written contract of whatever kind or nature for the alienation, incumbrance, or leasing of the real estate alotted to them as aforesaid." This would seem to be a sufficient allegation that the case was not within the exception created by the act of 1891. But, in any event, the defendant was not required to go further than set out the facts showing a prima-facie case of illegality. A pleader is not required to anticipate matter in avoidance of his allegations. *Jones v. United States Mutual Accident Ass'n,* 92 Ia., 652, 61 N. W. Rep., 485; *Cooledge v. Continental Ins. Co.,* 67 Vt., 14; *Blasingame v. Home Ins. Co.,* 75 Cal., 633, 17 Pac. Rep., 925; *Ætna Ins. Co. v. McLead,* 57 Kan., 95, 45 Pac. Rep., 73; *Bank of River Falls v. German-American Ins. Co.,* 72 Wis., 535, 40 N. W. Rep., 506. As, in the cases cited, a plaintiff suing upon a policy was not required to allege that the loss was not produced by any of the causes for which it was provided the insurer should not be liable, or that it was not produced by any of the means specially excepted in the policy, so here, in alleging that the note was within the purview of the act of congress, the defendant was not bound to negative expressly in advance every exception contained in the statutes. Nor do we think that the former opinion ignores or in any way fails to give effect to the later statute. That statute was not involved, and it did not become necessary for the court to refer to it. Neither the pleadings nor the proofs raise any questions under that act. The leases authorized under special circumstances, upon showing to the secretary of the interior, are to be made "upon such

* 26 U. S. Statutes at Large, p. 794.

terms, regulations and conditions as shall be prescribed" by that officer. Where a statute authorizes executive officers to make general rules for the conduct of public business, and such rules are duly made and published, the courts will take judicial notice of them. *Caha v. United States,* 152 U. S., 211; *Dominici v. United States,* 72 Fed. Rep., 46; *Low v. Hanson,* 72 Me., 104; *United States v. Williams,* 6 Mont., 379, 12 Pac. Rep., 851. Turning to the printed regulations of the Indian office, we find at once that the instruments in question are in no sense such as are prescribed and required, and were not intended to be of that nature. There is nothing before the court to call for any application of the amendatory statute.

The prior decisions of this court referred to, do not purport to pass upon the question now before us. No suggestion is made in the opinion in either case as to that question. Moreover, we have examined the briefs upon which those causes were submitted, and find that the subject was not brought to the court's attention. All that could be claimed, is that the point might have been raised and, if raised, would have been decisive. Had the judgments been reversed, the court might have been forced to take the matter under consideration, for judgments will not be reversed if right, even though the points of law upon which their validity depends are not presented by counsel. But in each of the cases referred to the judgment of the district court was affirmed. In view of the settled practice of this court that a judgment will not be reversed for errors not argued in the briefs of counsel, a decision affirming a judgment does not become a precedent as to any question not argued or expressly presented to the court, and left unnoticed in the opinion, although such question would have been proper to present and, if presented, might have required another result. The sole point argued in *Nissen v. Turner* was whether a tenant could plead that his landlord had no title. Again, in *Iowa Savings Bank v. Frink,* no mention was made of the federal statutes nor of their effect upon the lease. So far

as the case presented by the plaintiff in error was concerned, the transaction involved was not illegal in its very nature, but merely defective. Neither decision affords any reason for altering the judgment heretofore rendered.

With respect to the question discussed at the former hearing, we are fully satisfied with the opinion then written. The federal courts have held these leases "wholly void," and have said that the occupation of land under them "is wholly inconsistent with the purpose for which the lands were originally set apart as a reservation for the Indians, and with the object of the government in providing for allotments in severalty." *United States v. Flournoy Live-Stock & Real-Estate Co.*, 69 Fed. Rep., 886, 894; *Beck v. Flournoy Live-Stock & Real-Estate Co.*, 65 Fed. Rep., 30. While there are two lines of authority upon the proposition, in view of the holding of the federal courts, by which the effect of the acts of congress must be determined, the authorities followed in the former opinion are the more persuasive; and the conclusion reached, in our opinion, is sound and just. Parties ought not to be allowed to avail themselves of statutory provisions, any more than of rules of the common law, to perpetrate frauds or reach inequitable results. But technical legal estoppels can not be permitted to defeat the plain and express provisions of statutes. In cases of this character there is no injustice in leaving the parties to the interdicted transaction where the statute puts them. All concerned knew that their acts had no legal force. There can be no equitable estoppel where the parties intentionally take the chances that a bargain will be carried out. The statute is not to be evaded through the legal estoppel involved in the relation of landlord and tenant, when the relation itself, in the particular case, and all contracts incident thereto, are denounced and invalidated by its express terms. The estoppel arises from tenancy; when the statute declares there shall be no tenancy, there can be no resulting estoppel.

We therefore recommended that the former judgment be adhered to.

BARNES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the former judgment is adhered to.