## E. L. LUTZ v. PENDER NATIONAL BANK.

FILED FEBRUARY 22, 1905. No. 13,722.

**Pleading.** A pleader is not required to anticipate matter in avoidance of his allegations. *Larson v. First Nat. Bank*, 66 Neb. 595, followed and approved.

ERROR to the district court for Thurston county: GUY T. GRAVES, JUDGE. *Reversed with directions.*

*Hiram Chase,* for plaintiff in error.

*T. L. Sloan,* contra.

OLDHAM, C.

This was a suit on a promissory note originally instituted in the county court of Thurston county, Nebraska. Plaintiff bank filed its petition, alleging that it was a purchaser for value, before maturity, of the note sued upon, and praying judgment for $324.12, the amount of the note and interest. The defendant answered, alleging, in substance, that the promissory note described in plaintiff's petition at the time it was given was and is absolutely null and void, and was made in violation and in contravention of the law of congress of the United States, approved August 7, 1882 (U. S. Statutes at Large, Vol. 22, p. 341, ch. 434), governing Indian lands held in allotment by members of the Omaha Indian tribe; that the note was given for the rental price of certain lands allotted to the Indians of the Omaha tribe (naming them, and describing the lands held by them in allotment), for the rental value of which the note was executed by the defendant; that the period of 25 years under which said lands were allotted by the 6th section of said act of congress is as yet unexpired, and any contract made touching said lands is declared to be absolutely null and void by said act. To this answer plaintiff interposed a

general demurrer, which was sustained by the county court, and defendant refusing to further plead, a judgment was rendered for plaintiff as prayed for in its petition. To reverse this judgment defendant filed a petition in error in the district court for Thurston county, together with a transcript of the proceedings in the county court. On a hearing of defendant's petition in error in the district court, the petition was overruled, and the judgment of the county court approved, and execution awarded to carry the same into effect; and to reverse this judgment of the district court, defendant brings error to this court.

The questions involved in this controversy have all been determined by this court in the case of *Larson v. First Nat. Bank,* 62 Neb. 303, and in the opinion in the same case on rehearing, officially reported in 66 Neb. 595. In fact, the only question urged in support of the ruling of the lower court is that the answer is insufficient because it failed to negative the subsequent act of congress of February 28, 1891, governing these lands, which provide conditions under which the lands held in allotment may be legally leased by approval of the secretary of the interior. But the necessity of this allegation was examined in *Larson v. First Nat. Bank, supra,* on its rehearing, by POUND, C., who, speaking for the court, said:

"The first point is that the answer, in setting up the illegality of the note sued on, does not negative the exceptions created by the act of 1891 (U. S. Statutes at Large, vol. 26, p. 794, ch. 383), and goes no further than to allege a lease in contravention of the act of February 8, 1887 (U. S. Statutes at Large, vol. 24, p. 388, ch. 119). But the act of 1891 is amendatory only. The former act furnishes the general rule, and the latter merely authorizes leases under certain special circumstances, and with certain special safeguards. The pleader states fully and explicitly that the note in suit was part of a contract of leasing, in contravention of section 5 of the act of 1887. In addition he sets forth that the

Indians who purported to make the leases in question 'had no right or authority to enter into any written contract of whatever kind or nature for the alienation, incumbrance, or leasing of the real estate allotted to them as aforesaid.' This would seem to be a sufficient allegation that the case was not within the exception created by the act of 1891. But, in any event, the defendant was not required to go further than set out the facts showing a *prima facie* case of illegality. A pleader is not required to anticipate matter in avoidance of his allegations."

It follows that if plaintiff desires to avail itself of the exception contained in the act of 1891, it should plead the exceptions in reply to defendant's answer, and that as against a general demurrer the answer is sufficient.

We therefore recommend that the judgment of the district court be reversed and the cause remanded, with directions to the district court to sustain defendant's petition in error, and to reverse the judgment of the county court sustaining plaintiff's demurrer, and that the demurrer be overruled and plaintiff be required to further plead.

AMES and LETTON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded, with directions to the district court to sustain defendant's petition in error, and to reverse the judgment of the county court sustaining plaintiff's demurrer, and that the demurrer be overruled and plaintiff be required to further plead.

REVERSED.