JOHN G. GANNON, APPELLEE, V. JANE WORTH, APPELLANT.

FILED APRIL 13, 1909. No. 15,628.

Contract: CONSTRUCTION. Defendant agreed to pay plaintiff the difference between a certain sum and the amount of rental for which plaintiff would procure for defendant a lease on certain lands belonging to another. *Held,* That the contract was one to pay for services, and not to pay rent.

APPEAL from the district court for Thurston county: ANSON A. WELCH, JUDGE. *Affirmed.*

*Hiram Chase,* for appellant.

*T. L. Sloan* and *Curtis L. Day,* contra.

EPPERSON, C.

In the year 1902 the defendant seems to have been in possession of a quarter section of land allotted to Little Girl Walker under the provisions of the act of congress approved February 8, 1887, entitled "An act to provide for the allotment of lands in severalty to Indians of the various reservations, and to extend the protection of the laws of the United States and the territories over the Indians, and for other purposes." 24 U. S. Statutes at Large,

ch. 119, p. 388. The defendant desired to rent this land for the years 1903, 1904 and 1905, and was willing to pay $2 an acre per annum for the use thereof. Under these circumstances she entered into an agreement with the plaintiff that, if he would procure such lease, she would pay him the difference between the rent she would be compelled to pay to the Indian owner and $2 an acre. The plaintiff procured Little Girl Walker to execute such lease to the defendant at a rent of $1.25 an acre for the first two years and $1.50 an acre for the third year. To secure this lease he paid to Little Girl Walker $120. When the lease was approved by the Indian agent, and pending its approval by the commissioner of Indian affairs and secretary of the interior, the defendant executed notes payable to the order of the plaintiff for the amount of the difference between each year's rent as actually reserved and what it would have amounted to at the rate of $2 an acre. By the terms of the lease the rent was to be paid in two instalments on the 1st days of March and September in each year, and, while two notes were given for each year, they were both made payable at the time the September instalment of rent became due. Each note contained a stipulation that it was given for rent due outside of a certain government lease upon the northwest quarter of 19-25-7, and should be void if the lease was not approved for the year in which the note matured. The lease was approved, and the defendant remained in possession of the premises and paid the rent due the Indian owner, but refused to pay the notes given to the plaintiff, and this suit was brought to enforce such payment.

The petition alleged that the stipulation above referred to as to the consideration of the notes was inserted by mistake of the scrivener, and that the notes were in fact given to pay plaintiff for services rendered defendant in "securing approved leases of said lands," and prayed a reformation of the same and judgment upon them when so reformed. The answer denied that the stipulation as

to the consideration was inserted by mistake, and set up the fact that Little Girl Walker was an Indian; that the land in question was allotted to her as a member of the Omaha tribe; and that the consideration of the notes was a contract touching the said lands, void as against public policy, and contravening the provisions of the acts of congress in relation to such lands. There was no dispute concerning the facts, the only question being the legal conclusions to be drawn therefrom. The court below found for the plaintiff for the amount claimed, and defendant appeals.

The act of congress referred to provides: "If any conveyance shall be made of the lands set apart and allotted as herein provided, or any contract made touching the same, * * * such conveyance or contract shall be absolutely null and void." 24 U. S. Statutes at Large, ch. 119, p. 388, sec. 5. But the federal statutes, in certain cases, provide that the allotted lands may be leased upon such terms, regulations and conditions as shall be prescribed by the secretary, for a term not exceeding five years, for farm purposes only. Such leases, however, before they are binding, must be approved by the Indian agent and the secretary of the interior. It cannot be doubted but that a valid lease may be obtained for the allotted Indian lands if the conditions imposed by the law are complied with. Such a valid lease was obtained in this case. Negotiations for such a lease are not violations of section 5, *supra.* If the defendant could legally negotiate for a lease such as the government would approve, she could legally employ another to act for her in securing it. There is no contention here that the parties undertook to procure an illegal lease. Neither of them was bound to protect the interests of Little Girl Walker. The rental paid to her cannot be said to be disproportionate to the rental value of the land. It is such as the interior department approved. It does not appear that any attempt was made to violate any law or to defraud any one. Defendant was willing to expend a certain amount in procuring the lease,

which proved to be more than the lessor or the government demanded. The difference between the rental required and the sum defendant was willing to expend she promised to pay to the plaintiff upon his procuring the lease. Such agreement was not one touching an illegal transfer of the allotted land, but one for compensation for services rendered. The stipulation that the notes were given for rent did not change the real character of the transaction. Neither does the fact that the amount was left uncertain, instead of being fixed definitely when the agreement was first made. *Larson v. First Nat. Bank,* 62 Neb. 303, 66 Neb. 595, is not in point.

We recommend that the judgment of the district court be affirmed.

DUFFIE and GOOD, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the lower court is

AFFIRMED.