HODGSON v. MIDWEST OIL CO. et al.

(District Court, D. Wyoming. March 20, 1924.)

No. 1351.

1. Action ⊗═50(7)—In ejectment, defendants claiming under different grants cannot be joined.

In an action in ejectment, plaintiff's cause of action against a defendant asserting claim to and withholding possession of one parcel of land under a separate grant cannot affect another defendant asserting claim to and withholding possession of a separate and distinct parcel under a different grant, and hence the causes of action cannot be joined, under Comp. St. Wyo. 1920, § 5607, and section 5606, subd. 6.

2. Mines and minerals ⊗═5—Lease granted by Interior Department not subject to collateral attack.

The granting of mineral leases under Act Feb. 25, 1920 (Comp. St. Ann. Supp. 1923, §§ 4640¼–4640¼ss), is within the exclusive jurisdiction of the Department of the Interior, so far as to be impregnable against collateral attack.

3. Mines and minerals ⊗═5—Claim of fraud or jurisdictional irregularities in lease granted by Interior Department cannot be asserted in action at law.

A claim that a decision of the Interior Department, recognizing the ownership of a placer mining act claim for the purpose of granting a

lease to the owner or owners of the claim, should be set aside on account of fraud, jurisdictional irregularities, or errors of law on which the decision was based, cannot be asserted in an action at law.

**4. Contitutional law ⟨⟩278(1)—Mines and minerals ⟨⟩5—Federal Leasing Act held not to violate Constitution as to due process.**

Leasing Act Feb. 25, 1920 *held* not to violate the due process clause of the federal Constitution (Amendment 5 and Amendment 14, § 1).

**5. Mines and minerals ⟨⟩36—Scope of right secured by claimant defined.**

The right secured by a placer mining claimant in an oil field is not that certain indefeasible right which comes from a grant of title ownership, but depends at all times on certain acts to be continuously performed by claimant, the fee title remaining in the United States unless claimant proceeds to patent. In the latter proceeding, rights in such a claim may be irrevocably cut off by a proceeding based on a published notice.

**6. Mines and minerals ⟨⟩5—Rules and regulations described by Land Department have effect of statute.**

Under Leasing Act Feb. 25, 1920 (Comp. St. Ann. Supp 1923, §§ 4640¼– 4640¼ss), giving the Interior Department the right to prescribe rules and regulations to carry the act into effect, such rules and regulations should be given the effect of statutes, when not inconsistent with the law itself.

**7. Mines and minerals ⟨⟩5—Interior Department has right to call before it any interested claimant as to an entry on which a lease is sought.**

Leasing Act Feb. 25, 1920, § 37 (Comp. St. Ann. Supp. 1923, § 4640¼s), gives the Department of the Interior the right under proper due process regulations to call before it any person or persons claiming an interest in an entry on which a lease is sought, and on such a hearing the rights of the parties can be fully determined.

At Law. Ejectment by Joseph Hodgson against the Midwest Oil Company and another. On demurrer to the petition. Demurrer sustained, and cause dismissed.

J. M. Hodgson, of Cheyenne, Wyo., for plaintiff.

Dines, Dines & Holme, Harold D. Roberts, Paul P. Prosser and Charles E. Works, all of Denver, Colo. (C. W. Burdick, of Cheyenne, Wyo., of counsel), for defendants.

KENNEDY, District Judge. This is an action in ejectment, and therefore addresses itself to the law side of the court. The statement of facts, as they may be gathered from the petition, purports to show that the plaintiff by purchase became the owner of an undivided one-eighth interest in a certain placer mining act claim known as "The Reif," which claim it is alleged was discovered, located, and marked in accordance with the statutes in such case made and provided, in the year 1887; the lands being in what is now known as the Salt Creek oil field. It further appears that in 1910 other locators entered upon the lands in controversy and established a location known as "The Tank," and that in August, 1920, the Midwest Oil Company and the Wyoming Associated Oil Corporation, the defendants herein, applied for a lease upon the premises under the Act of February 25, 1920 (41 Stat. 437 [Comp. St. Ann. Supp. 1923, §§ 4640¼–4640¼ss]), using as a basis of their right to a lease of the premises the ownership by conveyance from the original owners of the Tank claim; that subsequently two separate leases were granted by the Interior Department on the north portion

of the land in controversy to the defendant Midwest Oil Company, and on the south portion to the defendant Wyoming Associated Oil Corporation. It is asserted that the plaintiff, by virtue of his part ownership in the Reif claim, has a superior right to that of the defendants in and to the lands in controversy, and seeks to have the defendants ejected from the premises and the same restored to the plaintiff and his colocators or their successors in interest in the Reif claim.

[1] The petition is attacked by demurrer, both of a special and general character. One ground of the demurrer is that two causes of action are improperly joined. This is a special ground for demurrer under the Wyoming statute. Comp. Stats. Wyo. 1920, § 5651, subd. 6. The Wyoming statute also provides as to what causes of action may be united in the same petition. Comp. Stats. Wyo. 1920, § 5606, subd. 6, which reads:

"Claims to recover real property, with or without damages, for the withholding thereof, the rents and profits of the same and the partition thereof."

It seems that the application of the foregoing provision is limited, however, in that by section 5607, immediately following, it is provided:

"The causes of action so united must not require different places of trial, and, except as otherwise provided, must affect all the parties to the action."

The question is: Does the case at bar come within the provision of the last-quoted statute? Here we have a case in which the two defendants are holding, by virtue of leases granted by the United States, entirely separate and distinct parcels of land, to which plaintiff claims the right of possession, and from which he seeks to eject the defendants. It is not asserted in the petition that the defendant Midwest Company is claiming or withholding possession of the south parcel, or that the defendant Wyoming Associated Oil Corporation is asserting or withholding possession of the north parcel of the land in controversy, but it does appear that each of the defendants is claiming and withholding a separate parcel of the land by virtue of a lease independent of the other, although granted at the same time by the Interior Department. Manifestly, therefore, in an action in ejectment, plaintiff's cause of action against a party defendant, asserting claim to and withholding possession of one parcel of land under a separate grant, cannot affect the other party defendant, asserting claim to and withholding possession of a separate and distinct parcel, under a different grant. In other words, there is no claim of joint possession of the land in controversy by the defendants, so as to affect all the parties to the action, which this court conceives to be the limitation in section 5607, supra. Greer v. Mezes, 24 How. 268, 277, 16 L. Ed. 661; Gibbons v. Martin, 10 Fed. Cas. 292. A different rule might prevail under certain circumstances in an equity suit, under the federal practice.

[2] The general ground of demurrer, that the petition fails to state facts sufficient to constitute a cause of action under section 5651, supra, raises a number of points which have been fully and ably discussed by counsel for the litigants, which, however, will only be noticed in part. The defendants contend that plaintiff's case presents a collateral attack upon their grant from the Department of the Interior by virtue

of the leases, and that the function of the department in granting the leases was and is no different in substance than the exercise of that function of the department in awarding patents to lands, the latter having always been held to be within the exclusive jurisdiction of the department, so far as to be impregnable against collateral attack. The cases upon this point are numerous and seem to be in general accord. Judge Sanborn, of our own circuit, has announced the law in two different cases in such manner as to remove all doubt from the situation. United States v. Winona & St. Paul Ry., 67 Fed. 948, 15 C. C. A. 96; King v. McAndrews, 111 Fed. 860, 50 C. C. A. 29. The analogy seems to be perfect and leads to a like conclusion in the case at bar.

[3] The situation presented here also raises the same question which has been before this court in cases recently decided, as to whether or not the Interior Department has the exclusive jurisdiction under the Act of February 25, 1920, to determine the matter of granting the leases to owners of placer mining act claims, upon application under that act. This court has held in Hodgson v. Mountain & Gulf Oil Co. (No. 1350) 297 Fed. 269, that when the Department of the Interior has recognized the ownership of a placer mining act claim for the purpose of granting a lease to the owner or owners of said claim, such action is final, unless set aside on account of fraud, jurisdictional irregularity, or errors of law upon which the decision was based. Even these causes could not be asserted in an action at law.

[4] It is asserted in the plaintiff's petition that the federal Leasing Act is unconstitutional, in that it is in contravention of the "due process" clause of the Constitution. In this manner, by one sweeping averment of his petition, the plaintiff would wipe out the statute upon which rest the rights of his opponent. Counsel for plaintiff elected not to file a memorandum brief within the time allowed by the court when the case was argued and taken under advisement, and therefore the court must depend upon its recollection for the substance of the argument advanced upon this point. The contention in the petition seems to be that the legislation is retroactive in that it purports to affect property rights already vested, and counsel argues that the act itself in no way provides methods of giving notice to those parties claiming an interest in lands affected by the legislation.

[5, 6] Whatever may be the character of right secured by a placer mining claimant, it is not that certain, indefeasible right which comes from a grant of title ownership, but depends at all times upon certain acts to be continuously performed by the claimant; the fee title remaining in the United States, unless the claimant proceed to patent. In the latter proceeding, rights in such a claim may be irrevocably cut off, in which the due process in based upon published notice. Golden Reward Mining Co. v. Buxton Mining Co. (C. C.) 79 Fed. 868. While the Leasing Act itself does not provide for notice, it in effect gives the Interior Department the right to prescribe rules and regulations to carry the act into effect. Such rules and regulations were prescribed by the Land Department requiring notice to be given of all applications for leases, which regulations should be given the full force and effect of statutes, when not inconsistent with or repugnant to the law itself.

United States v. Morehead, 243 U. S. 607, 37 Sup. Ct. 458, 61 L. Ed. 926; Leonard v. Lennox, 181 Fed. 760, 104 C. C. A. 296; Williamson v. United States, 207 U. S. 425, 28 Sup. Ct. 163, 52 L. Ed. 278.

[7] Plaintiff further contends that, being the owner of a claim maintained and perfected in accordance with the requirements of the Placer Mining Act, he and his colocators have the absolute right to proceed under the provisions of that act in the maintenance and operation of the mining claim, as well as proceeding to patent thereunder, without interference through any provisions of the Leasing Act. This contention would undoubtedly be sound, were it not that the Leasing Act, in section 37 (Comp. St. Ann. Supp. 1923, § 4640¼s), apparently gives the option to such a claimant to proceed under either act. This seems to be the only practicable construction of section 37, which, if correct, gives the department the undoubted right under proper due process regulations to call before it any person or persons claiming an interest in an entry upon which a lease is sought. Upon such a hearing the rights of the parties can be fully determined.

For the reasons stated, the demurrer will be sustained, and the cause dismissed, at the costs of the plaintiff, reserving to him his proper exceptions.