[Civ. No. 6718. First Appellate District, Division One.—July 19, 1929.]

J. W. ALFORD, Appellant, v. EDWARD W. HESSE, Respondent.

Stuart D. Anderson and Martin Forrest for Appellant.

Derthick & Hull and W. J. Cusack for Respondent.

THE COURT.—An appeal by one of the plaintiffs in the above action from a judgment on the pleadings in favor of the defendant.

The action was one for the cancellation of two promissory notes executed by the plaintiffs to the defendant on October 8, 1926, and the latter by his cross-complaint sought to recover on the notes. The amended complaint alleged that the defendant was the owner of a permit to prospect for oil and gas upon certain lands owned by the United States, which permit was issued to him by the Secretary of the Interior; that the consideration for the notes was the execution on the above date by the defendant to the plaintiffs of an agreement granting the latter the sole right and permission to go into possession of these lands, to drill and develop the same for oil, gas and other hydrocarbon substances, to extract such substances therefrom under the permit and under a lease or any extension or renewal thereof that might be granted by virtue of the permit, and to enjoy all the privileges of the permittee or lessee thereunder. It was further alleged that to procure the execu-

tion of the notes the defendant represented that he was the only person interested in the lands so far as such interest related to the right to prospect for or develop oil thereon; that there were no liens or encumbrances thereon which would in any way affect the rights granted by the agreement, and that he was entitled to the possession thereof. That plaintiffs believed the above representations to be true and, relying thereon, executed the notes, which they would not otherwise have done; that the representations were untrue; that the defendant had in fact on or about August 24, 1923, assigned an interest in the above land and in the oil therein to Jacob F. Karr, who ever since that date had been the owner and holder of an interest therein, and that defendant on or about April 17, 1924, also assigned a similar interest therein to Julius Segall and Sam Marshall, who have since been the owners and holders of such interest.

An answer to the cross-complaint was filed by the plaintiffs, alleging that the only consideration for the notes was cross-complainant's assumption of the promises and obligations set forth in the agreement mentioned, and that the notes were executed and delivered without consideration.

Upon motion by the defendant and cross-complainant based upon the pleadings it was adjudged that plaintiffs take nothing by their complaint, and judgment was entered upon the cross-complaint for the principal sum of the notes, with interest, attorneys' fees and costs.

The permit was issued on July 19, 1924, pursuant to an act of Congress entitled "An Act to promote the mining of coal, phosphate, oil, oil shale, gas and sodium on the public domain," approved February 25, 1920 (Fed. Stats. Ann., Supplement 1920, p. 187 [41 Stats. 437]), and was thereafter extended to December 31, 1926. The act authorizes the Secretary of the Interior under such necessary and proper rules and regulations as he may prescribe to grant permits, which shall give the exclusive right for a period not exceeding two years to prospect for oil and gas upon land wherein such deposits belong to the United States and are not within any known geological structure of a producing oil or gas field. ▪ The rules and regulations prescribed by the Secretary of the Interior pursuant to the power given by the act are, when the same are not

in conflict with the act itself, to be given the effect of statutes (*United States* v. *Morehead,* 243 U. S. 607 [61 L. Ed. 926, 37 Sup. Ct. Rep. 458, see, also, Rose's U. S. Notes Supp.] ; *Leonard* v. *Lennox,* 181 Fed. 760 [104 C. C. A. 296] ; *Hodgson* v. *Midwest Oil Co.,* 297 Fed. 273; Id., 17 Fed. (2d) 71). ▮ Such rules and regulations the courts will judicially notice (*Lawrenceburg R. M. Co.* v. *Jones & Co.,* 204 Ala. 59 [85 South. 719] ; *Webb* v. *White Engine Co.,* 204 Ala. 429 [85 South. 729] ; *Carr* v. *First Nat. Bank,* 35 Ind. App. 216 [111 Am. St. Rep. 159, 73 N. E. 947] ; *Hettleman* v. *Frank,* 136 Md. 351 [110 Atl. 715] ; *Larson* v. *First Nat. Bank,* 66 Neb. 595 [92 N. W. 729] ; *State* v. *Southern Ry. Co.,* 141 N. C. 846 [54 S. E. 294] ; *Whitney* v. *Spratt,* 25 Wash. 62 [87 Am. St. Rep. 738, 64 Pac. 919]) ; and here it appears without dispute that section 12½ of the oil and gas regulations of the General Land Office of the Department of the Interior promulgated on March 11, 1920, under the authority of the above act, provides as follows: "Permits after being awarded may be assigned to qualified persons and corporations upon first obtaining the consent of the Secretary of the Interior. Mere rights to receive a permit are not assignable."

▮ It is not contended that the defendant had at any time an interest in or right to the possession of the above land other than that given him by the permit; and it is clear that the assignments alleged to have been made by him previous to the award of the permit here involved were under the above regulations of no validity. ▮ Appellant claims, however, that the averment "that Jacob F. Karr since said date was and now is the owner and holder of said interest in and to said real property," and a similar allegation with respect to Segall and Marshall should be construed to mean merely that these parties had acquired from the defendant and owned present interests in the property.

This contention cannot be sustained as these averments refer to the assignments as the sources of the alleged interests, and are not allegations that any interests were acquired by conveyances from the defendant subsequent to the award of the permit.

It is our conclusion that the pleadings relied upon by the plaintiff were insufficient to state a cause of action against the defendant or a defense to his cross-complaint, and that the motion for judgment on the pleadings was properly granted.

The judgment is affirmed.