Kennedy v. Anderson.

No. 11,421.

KENNEDY v. ANDERSON.

PLEADING.—*Demurrer.*—*Practice.*—*Amended Complaint.*—*Waiver.*—The filing of an amended complaint, after a ruling upon a demurrer to the original complaint, waives all questions as to such ruling.

ACCOUNT.—*Cross Complaint.*—*Partnership.*—*Settlement of Accounts.*—*Assignment.*—*Demurrer.*—*Defect of Parties.*—In an action upon an account, a cross complaint which sets up a written contract by the plaintiff with defendant and one C. as partners, avers a settlement of the partnership accounts and transfer of all of them to the defendant, including the claim in suit, but does not aver that the transfer was by endorsement in writing, nor make C. a party to answer as to his interest, is subject to a demurrer for defect of parties defendants.

INSTRUCTIONS.—*Record.*—*Refusal.*—*Presumption.*—Where all the instructions given by the court are not in the record, it will be presumed that an instruction refused was embraced in one given.

From the Superior Court of Vigo County.

*S. C. Davis, S. B. Davis, C. F. McNutt* and *J. G. McNutt,* for appellant.

*W. Mack, W. Eggleston* and *E. Reed,* for appellee.

FRANKLIN, C.—Appellee sued appellant on an open account. A demurrer to the complaint was overruled. An amended complaint was afterwards filed. An answer and cross complaint were filed. A demurrer was sustained to the sixth paragraph, which was named and treated as a cross complaint.

A reply was filed, and a motion was overruled to strike out the second paragraph thereof. Trial by jury; verdict for plaintiff for $163.05, and, over a motion for a new trial, judgment was rendered for the plaintiff upon the verdict.

The errors assigned are: Overruling the demurrer to the complaint; sustaining the demurrer to cross complaint; overruling motion to strike out second paragraph of reply, and overruling the motion for a new trial.

The filing of an amended complaint, after the ruling upon the demurrer to the original complaint, cuts off all questions

in relation to such ruling. The first specification of error presents no question for consideration.

The cross complaint sets up a written contract by the plaintiff with the defendant and one Smith as partners, and avers the settlement of the partnership accounts, and the transfer of all of them to the defendant, which included the matters embraced in plaintiff's account. It does not aver that the transfer was made by endorsement in writing, nor does it make Smith a party to answer as to his interest. One of the causes specified in the demurrer was that there was a defect of parties defendants.

We think this cause for demurrer was well taken, and that there was no error in sustaining the demurrer to this pleading.

As to the third specification of errors, there is no second paragraph of the reply in the record. The record contains but one paragraph and that is the general denial. There was no error in overruling the motion to strike out the second paragraph of the reply.

Under the fourth specification of errors, the overruling of the motion for a new trial, appellant only insists upon error in refusing to give instructions. All the other reasons are considered as waived.

The record shows that certain instructions were asked by the defendant and refused by the court, and that certain other instructions were asked by the plaintiff, some of which were given by the court, but does not show whether these instructions given were all the instructions that were given by the court, or what other instructions were given, if any. The presumption is that the court instructed the jury fully upon the law as applicable to the facts in the case; and unless we had before us all the instruction given, we can not say but these instructions were refused for the reason that the court had substantially given the same in its own instructions. *Newcomer* v. *Hutchings*, 96 Ind. 119.

We find no available error in relation to the instructions. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed, with costs.

