Hedrick *et al. v.* Whitehorn *et al.*

---

HEDRICK ET AL. *v.* WHITEHORN ET AL.

[No. 17,730. Filed May 8, 1896. Rehearing denied Sept. 24, 1896.]

APPEAL AND ERROR.—*Failure to Save Exceptions.*—Where the ruling suggested by an assigned cause of error is not excepted to, no cause for complaint is presented to the Supreme Court.

SAME.—*Original, Superseded by Amended Pleadings.*—The Supreme Court will not review original paragraphs of a pleading that have been superseded by amended paragraphs.

SAME.—*Amendment of Pleadings.*—*Discretion of Court.*—*Record.*—Amendment to pleadings is a question largely within the discretion of the trial court; and the record must disclose what amendment was sought to be made, or the ruling will not be reviewed by the Supreme Court.

From the Brown Circuit Court. *Affirmed.*

*Shelby Hedrick,* for appellants.

*W. C. Duncan and W. J. Beck,* for appellees.

HACKNEY, C. J.—The assignments of error are: 1, that the court erred in overruling a motion for the appointment of a committee to prosecute this cause on behalf of the appellant, Wiley Hedrick. 2. "In sustaining a demurrer to appellants' first paragraph of complaint." 3. "The court erred in sustaining a de-

murrer to appellants' special and third paragraph of complaint." 4. "In refusing appellants' leave to amend their first and third paragraphs of complaint and each of them, and to allow them to make new parties."

The ruling suggested by the first assigned cause of error was not excepted to, and therefore presents no cause for complaint in this court. Burns' R. S. 1894, section 638 (R. S. 1881, section 626); *Johnson* v. *Eberhart, Sheriff,* 140 Ind. 210.

The record recites the filing of a complaint which is omitted from the record "by the direction of the plaintiff;" then follows what is designated by the record as an amended complaint, in three paragraphs. These paragraphs do not upon their face purport to be amended paragraphs, and they get their designation as such only from the recital of the transcript.

On the 3d day of September, 1894, a demurrer was sustained to the first and second paragraphs of complaint. On the 4th day of September, 1894, an amended complaint was filed, and it is recited that such amended complaint is that so set out in the record. On the 5th day of September, 1894, a demurrer was sustained to the first and overruled as to the second paragraph "of complaint." On the 10th day of September, 1894, an amended first and an additional third paragraph of complaint were filed, but they do not appear in the record, and are referred to by "(here insert.)" On the 21st day of November, 1894, a demurrer was sustained to said two paragraphs. On the 26th day of November, 1894, leave was asked and refused to amend the "first and third paragraphs of complaint." No amendment was tendered, no paragraph as amended was offered, and the record does not show in what respect amendments were to be made.

It will be seen from the record, as above disclosed,

that the first and third paragraphs of complaint, treated either as original or as amended pleadings, were superseded by another amended first and an additional third paragraph. Neither of the latter paragraphs is in the record unless we should accept the expression of the clerk, "here insert," as having reference to the amended complaint first mentioned above. This we could not do if we would, since it plainly appears that the pleading there referred to was in three paragraphs continuing under a single title and arranged in consecutive order.

Referring again to the assignment of error, it will be seen that the sufficiency of the first and third paragraphs of complaint is assigned and that the sufficiency of amended pleadings is not assigned. There is some confusion in the record as to the third paragraph, whether the ruling complained of related to the paragraph marked "3d" in the pleading, designated by the clerk as the amended complaint or whether it is that designated as the "additional third paragraph."

But there is no confusion upon the fact that the assignment of error refers to the original complaint and does not bring in review any amended pleading.

It is settled practice that amended pleadings take out the original pleading and leave no question for review in ruling upon such original pleadings. *State, ex rel., Jackson*, 142 Ind. 259. It is a self-evident proposition that this court cannot review pleadings which are not in the record. See Elliott App. Proced., section 595.

The fourth assignment of error has no support in the record. Since amendments to pleadings is a question largely within the discretion of the trial court, the record must affirmatively disclose such refusal as will amount to an abuse of that discretion. Without some indication of the amendment desired, the lower court

would not be properly called upon to exercise its discretion. Here the record does not disclose what amendment was sought to be made. The desired amendment must appear from the record. *Shaw* v. *Binkard*, 10 Ind. 227; Ency. of Plead. and Pract., Vol. 1, p. 637.

There being no available error in the record, the judgment of the circuit court is affirmed.