Hackney, J.
This was a suit by the appellee against the appellants and.involved questions of title to real estate, alleged trespasses committed and threatened by the appellants, a claim for damages for *303 such trespasses and an injunction against further trespasses and claims of ownership.
The trial court overruled the appellants’ demurrer to the complaint as originally filed and thereafter the appellee filed an amended complaint. One assignment of error is upon the court’s action in overruling the demurrer to the complaint. The practice is well established that an amended pleading takes out of the record the original pleading with the rulings thereon. State, ex rel., v. Jackson, 142 Ind. 259; Gowen v. Gilson, 142 Ind. 328, and authorities cited in each.
. If the amended complaint were the basis of the assignment of error there would be no available error in the action of the trial court in overruling a demurrer to such pleading, for the want of facts, in view of the appellants’ admission, in their brief, that “under the sweeping provisions of section 1082, Burns’ R. S., 1894, appellee’s complaint is good as a complaint to quiet title. It appears beyond any question that appellants are claiming an interest in land of which appellee claims to be the owner, and which interest is adverse to his. And this is all that is necessary to make a good complaint to quiet title. It is sufficient to show that the plaintiff is the owner of the lands and that the defendants are asserting an unfounded claim thereto.”
Nor could the ruling upon the second ground of demurrer, the misjoinder of causes of action, become available, because of the provision of the code that “No judgment shall ever be reversed for any error committed in * * * overruling a demurrer for misjoinder of causes of action.” Section 344, Burns’ R. S. 1894 (341, R. S. 1881.) However, in view of the provisions of the code, sections 249, 412, 1162, Burns’ R. S. 1894, it may be doubted whether there is much *304 force in the proposition that causes of a legal and those of an equitable nature may not be joined.
The remaining assignment of error is upon the action of the trial court in overruling the motion of the appellants for a new trial.
The trial was by the court, and resulted in a special finding of the facts with conclusions of law stated. The grounds of the motion for a new trial were: (1) That the findings of the court were contrary to law; (2) that special findings numbered 2, 6, 7, 8, 10 and. 11 were not sustained by sufficient evidence; (8) that “the decision of the court” was contrary to law; (4) that “the decision of the court” was not supported by sufficient evidence.
Of the causes for a new trial so assigned none are available, excepting those which fall within the sixth subdivision of section 568, Burns’ R. S. 1894 (559, R. S. 1881), which is as follows: “That the verdict or decision is not sustained by sufficient evidence, or is contrary to law.” The word “decision,” employed in this provision of the statute, is used in the sense of -finding, where the cause is tried by the court. Rodefer v. Fletcher, 89 Ind. 563; Christy v. Smith, 80 Ind. 573; Wilson v. Vance, 55 Ind. 394; Weston v. Johnson, 48 Ind. 1.
It has been held also that “an assignment, as one of the grounds for a new trial, that the decision of the court is contrary to law, does not perform the office of an exception to conclusions of law stated upon a special finding of facts. Bundy v. McClarnon, 118 Ind. 165; Rose v. Duncan, 43 Ind. 512; Cruzan v. Smith, 41 Ind. 288; City of Logansport v. Wright, 25 Ind. 512; Welch v. Bennett, 39 Ind. 136.
It follows, from these propositions, that the causes for a new trial alleged by the appellants must be considered with reference only to the facts found by the ' *305 trial court; that the first and third causes assigned raise but one question, and that the second and fourth causes raise but one question.
It is argued that the findings were contrary to law because of the failure of the court to find certain stated facts which, it is claimed, were established by the evidence. In several of the instances cited there were findings covering the propositions stated by the appellants; in some instances the alleged omissions were of merely evidentiary matters, and in others, propositions asserted by testimony from the appellants were denied by. the appellee and were evidently regarded by the court as not proven. There is no obligation upon the court to determine the weight of the evidence upon every proposition advanced in the course of the testimony and to state the result in its special findings. The facts in issue by the pleadings are those regarded as material in the statement of special findings and it is not necessary to state the conclusion reached upon each incident or circumstance introduced in support or denial of an alleged fact.
It is next insisted that certain findings of the court were not sustained by the evidence. We have examined the evidence and find that all of the findings had evidence fully supporting them: In some instances
there was conflict in the evidence, but it is not the duty of this court to pass upon the weight of conflicting evidence. The trial court having passed upon it, we must accept its decision as conclusive.
Counsel next insist upon the third cause assigned for a new trial: That the decision of the court was contrary to law; and in doing so assail the decision of the court and not the findings specially stated. As we have already shown, this assignment is not available as questioning the correctness of the court’s conclusions of law. *
*306 Finally, counsel urge as the fourth ground of the motion for a new trial, that the decision of the court was contrary to the evidence, and in doing so they again violate the rule that conclusions of law can only be assailed by an exception thereto properly assigned. The discussion of this question has no reference to the sufficiency of the evidence to support the findings of fact, and does not involve a failure of the court to find upon issues' made, but attacks the correctness of the court’s application of the facts to the law of the case. This is simply doing by motion for a new trial that which, as we have shown, must be done upon exceptions to the conclusions of law.
The record presents no available error, and the judgment of the circuit court is affirmed