## WORL v. REPUBLIC IRON & STEEL COMPANY.

[No. 4,328.   Filed April 9, 1903.]

PLEADING.—*Amendment.*—Where, upon the sustaining of a demurrer to a complaint consisting of a single paragraph, the plaintiff filed "an amended second paragraph of complaint by leave of court first had and obtained," the complaint filed under such leave will be regarded as an amended complaint, and, being so considered, it must be regarded as an amendment of the complaint originally filed, hence the original no longer constitutes a proper part of the record on appeal, and the error, if any, in sustaining the demurrer, must be treated as waived.

From Delaware Circuit Court; *J. G. Leffler,* Judge.

Action by Thomas Worl against the Republic Iron & Steel Company. From a judgment, for defendant, plaintiff appeals. *Affirmed.*

*J. N. Templer, C. C. Ball* and *E. R. Templer,* for appellant.

*Frank Ellis, S. N. Chambers, S. O. Pickens, C. W. Moores, J. C. Blacklidge, C. C. Shirley* and *Conrad Wolf,* for appellee.

BLACK, P. J.—The appellant's original complaint consisted of a single paragraph. The appellee answered in a number of paragraphs, to some of which the appellant demurred. In ruling upon the demurrer the court carried it back and sustained it to the complaint. To this ruling the appellant at the time excepted, and day was given. It next appears in the record that about one month afterward the court sustained a motion of the appellant, then made, to file "an amended second paragraph of complaint," and thereupon the appellant filed a pleading in a single

Worl *v.* Republic Iron & Steel Co.

paragraph, which therein purported to be "his amended second paragraph of complaint" filed by him "by leave of court first had and obtained." The trial of an issue formed by an answer in denial of this complaint resulted in a verdict for the appellee, on which judgment was rendered accordingly.

The only supposed error presented by the appellant in argument here is that of carrying the demurrer back and sustaining it to the complaint.

At the time leave was granted and the pleading was filed thereunder, there was not, and there had not been, any second paragraph of the complaint, and therefore the "second paragraph of complaint" could not be amended. There was a complaint in one paragraph, a demurrer to which had been sustained, and this was the only complaint that could be amended, and the only complaint for the amendment of which the court could grant leave, and the leave granted must be regarded as having been intended by the court as leave to amend the original complaint. This complaint filed under such leave, purporting to be an amended complaint, must be taken and regarded by us as an amended complaint, and, being so considered, it must be regarded as an amendment of the complaint originally filed. When a demurrer to a complaint has been sustained, and afterward an amended complaint is filed, the original no longer constitutes a proper part of the record on appeal, and the error, if any, in sustaining the demurrer must be treated as waived. §§345, 662 Burns 1901; *State, ex rel.,* v. *Jackson,* 142 Ind. 259; *Hedrick* v. *Whitehorn,* 145 Ind. 642.

Judgment affirmed.