Carr v. First Nat. Bank—35 Ind. App. 216.

## CARR ET AL. v. FIRST NATIONAL BANK OF JEFFERSONVILLE.

[No. 5,274.    Filed March 31, 1905.]

1. EVIDENCE.—*Judicial Notice.*—*Regulations of Postoffice Department.* —Courts take judicial notice of the regulations of the postoffice department.  p. 219.

2. NOTICE.—*Registry Return Receipt.*—A failure to receive the registry return receipt is notice that such registered letter or package has not been delivered.  p. 220.

3. JUDGMENT.—*Setting Aside.*—*Excusable Neglect.*—Where a defendant, who resided in Indianapolis, was sued in the Clark Circuit Court, and she employed an Indianapolis attorney, who in turn employed one at Jeffersonville to attend to such cause, and the Indianapolis attorney on September 17 registered an answer and cross-complaint in such cause to such Jeffersonville attorney, who had secured another attorney to look after his business in his absence during the first week of such court, but the registered letter was not delivered until September 28, and on September 22 a default judgment was taken, and such Indianapolis atorney knew of the absence of the attorney at Jeffersonville, and did not receive the registry return receipt, and nothing was done by any one in such cause for defendant, such defendant is not entitled to relief on the ground of excusable neglect.  p. 220.

4. SAME. — *Setting Aside.* — *Neglect of Attorney.* — Negligence of an attorney is negligence of the client, and such negligence is no ground for setting aside a judgment for excusable neglect.  p. 220.

5. APPEAL AND ERROR.—*Record.*—*Time of Filing Papers.*—Where the record shows a decision of the trial judge as to the time of the filing of papers in a cause, such decision will not be disturbed on appeal.  p. 220.

From Clark Circuit Court; *James K. Marsh,* Judge.

Action by the First National Bank of Jeffersonville against Emma C. Carr and others.  From a refusal to set aside a decree for plaintiff, defendants appeal.  *Affirmed.*

*L. A. Douglass* and *Elmer Wetzel,* for appellants.
*Henry A. Burtt* and *James E. Taggart,* for appellee.

COMSTOCK, C. J.—The appellee brought this action against Silas Carr, Emma Carr, his wife, and Thomas J. Brock, trustee of the estate of Silas Carr, to recover on a

note for $2,000 given by said Silas Carr, and secured by a mortgage executed by Silas Carr and Emma Carr, his wife, and asking that the mortgaged real estate be sold to satisfy it. Appellant Thomas J. Brock, as trustee, appeared and filed an answer to the action. Appellants Emma C. Carr and Silas Carr were defaulted upon personal service on the 22d day of September—being the second judicial day of the September term, 1903, of said court—and, upon such default, judgment was rendered against them, and a decree entered foreclosing the mortgage. The judgment provided that the proceeds arising from such sale, after the payment of the costs and the plaintiff's judgment, should be paid to the defendant Thomas J. Brock. On the 2d day of October, 1903, the appellants Emma C. Carr and Silas Carr made an application, under §399 Burns 1901, §396 R. S. 1881, to set aside the default. On the 12th day of October, 1903, at said term of said court, the court overruled said application; and, after the court had overruled said application, the appellant Emma C. Carr asked leave of court to file the affidavit of Elmer Wetzel in support of said application, which motion was overruled. On the 22d day of February, 1904, at the February term, 1904, of said court, appellant Emma C. Carr filed a motion for an entry *nunc pro tunc,* showing that the affidavit of said Wetzel in support of her application to set aside the default was made before the court overruled her application to set aside said default. Said motion was also overruled by the court.

The errors assigned are that the court erred (1) in refusing the application of Emma C. Carr to set aside the default; (2) in refusing to permit appellant Emma C. Carr to file the affidavit of Elmer Wetzel in support of the application to set aside the default; (3) in refusing to grant the motion of Emma C. Carr for a *nunc pro tunc* entry of the affidavit of Elmer Wetzel in support of the application to set aside the default.

In the affidavit filed, appellant Emma C. Carr, for the

purpose of having the default set aside, states that the mortgage in suit was executed by her codefendant Silas Carr (her husband) and herself to secure the payment of a certain promissory note executed by said Silas Carr to the plaintiff; that immediately upon the service of the summons in said cause she consulted counsel in Indianapolis, where she was then residing, as to her rights in the premises, and was informed by him that she had a meritorious defense to said action; that she thereupon retained him, giving him full power to make a proper defense therein; that said attorney prepared an answer and cross-complaint, which are made a part of the affidavit as exhibits A and B. In her cross-complaint she alleges that she is now, and ever since March, 1890, has been, the absolute owner of the property described in the mortgage in suit, purchased with her individual money, and that the loan mentioned in the complaint was not secured on the strength of the security of said property; that the loan was a part of a loan to said Silas Carr and others, made a year prior to the execution of said mortgage, and of which the affiant had no knowledge; that she executed the mortgage simply as surety for her husband, and received no part of the consideration thereof; that she was of the opinion at the time of the execution of said mortgage that said property was still in her individual name, and had been since March, 1900, and that she could not lose the property by executing said mortgage; that she did not at the time of the execution of said mortgage, or at any time since, entertain any thought that her property would be taken in satisfaction of said mortgage, until the filing of plaintiff's complaint. The answer to the complaint is a general denial.

The affidavit further contains substantially the same facts as set out in the cross-complaint, and, in addition, states that her attorney at Indianapolis retained the services of associate counsel at Jeffersonville to assist in the defense of this action; that said counsel was required to be absent from

the city of Jeffersonville during the first week of said September term of court; that said counsel at Indianapolis prepared the cross-complaint and answer, and on September 17, 1903, forwarded them by registered mail to said counsel at Jeffersonville; that the same were not received by him until September 28, 1903, owing to the fact that the postal authorities did not deliver the same by courier at the house of said attorney except upon written order, which written order said attorney did not know to be necessary, and he did not ascertain said fact until his return home, September 28, aforesaid; that she was informed that on the second day of said term a judgment was entered, and that the same was taken through an inadvertency, mistake and excusable neglect; that she at once prepared this petition to be relieved from said judgment, and now files the same. As shown by the record, Emma C. Carr, after the court had overruled the application to set aside the default, asked leave to file the affidavit of Elmer Wetzel, which application was refused. The affidavit of Mr. Wetzel shows his employment by Mrs. Carr; his preparation of the answer and cross-complaint heretofore given; that he retained counsel at Jeffersonville, and mailed said answer and cross-complaint by registered letter to said counsel, L. A. Douglass. It further appears that said Douglass associated with him at Jeffersonville another attorney, Mr. Phipps; that Mr. Douglass was absent from home when the answer and cross-complaint reached Jeffersonville, and during the first week of the court, but that he had engaged Mr. Phipps to look after the defense in his absence. The reason of Mr. Douglass's absence from home does not appear, nor does it appear that Mr. Phipps took any steps with reference to the defense of said cause.

1. The regulations of the postoffice department are a part of the public records of which courts take judicial notice. *Caha* v. *United States* (1894), 152 U. S. 211, 14 Sup. Ct. 513, 38 L. Ed. 415.

2. These rules prescribe that upon the receipt of registered mail the addressee must sign and return a receipt which must be immediately mailed to the sender. Mr. Wetzel should have received the return receipt in time to have taken further steps to defend said cause. Failing to receive said receipt was such notice to him that the papers had not been delivered to Mr. Douglass as to call upon him to take further action in said cause.

3. It appears, also, that Mr. Douglass, while the said answer and cross-complaint mailed to him were lying in the postoffice at Jeffersonville, was at Bowling Green, Kentucky, and that on the 20th day of September, 1903, Mr. Wetzel received a letter from him written at said last-named place on the 19th of said month, from which he had reason to know that said answer and cross-complaint had not been received or filed by Mr. Douglass. Between that time and the default, September 22, Mr. Wetzel is not shown to have taken any other step. There is nothing in the record to indicate that appellee did anything to mislead appellants. The entire record fails to show the diligence required of counsel—"such attention as a man of ordinary prudence gives to his important business." *Vick* v. *Baker* (1898), 122 N. C. 98, 29 S. E. 64; *Roberts* v. *Allman* (1890), 106 N. C. 391, 11 S. E. 424.

4. The negligence of the attorney is the negligence of the client. *Indianapolis, etc., R. Co.* v. *Hood* (1892), 130 Ind. 594.

As to the merit of appellants' defense there may be reasonable difference of opinion. Mrs. Carr signed the mortgage in question, believing that she was assuming no liability. This reason for asking to set aside the default would not impress a court favorably, but the lack of diligence was sufficient to warrant a denial of the petition.

5. In view of its minutes the court was best qualified to determine whether or not the court had decided the motion

to set aside the default before leave was asked to file the affidavit of Mr. Wetzel.

Counsel for appellee have argued at considerable length that no question is properly presented by the record. We have preferred to disregard this issue, and, having carefully examined the whole record, conclude that it presents no ground for disturbing the judgment of the trial court.

Judgment affirmed.