# HOLLAND v. HUMMELL ET AL.

[No. 6,557.   Filed March 9, 1909.]

1. PLEADING.—*Demurrer to Complaint.—Filing of Amended Com-
plaint.—Effect.*—The ruling upon a demurrer to a complaint pre-
sents no question, on appeal, where an amended complaint was
subsequently filed, such original complaint thereby going out of
the record.   p. 360.

2. PLEADING.—*Complaint.—Landlord and Tenant.—Holding Over.—
Tort.—Damages.*—A complaint by a landlord against the tenant
for damages for unlawfully holding over sounds in tort, and is
sufficient.   p. 361.

3. PLEADING.—*Complaint.—Landlord and Tenant.—Use and Occupancy.—Contracts.*—A complaint by a landlord against the tenant for the use and occupancy of her premises is upon contract, and is sufficient. p. 361.

4. PLEADING.—*Amendments.—Circuit Courts, on Appeal from Justices.—Appeal.*—Circuit courts, in cases appealed from justices of the peace, have the same right to permit amendments which such justices had, and a right of review exists only for an abuse of discretion. p. 361.

5. PLEADING.—*Complaint.—Amendments.—Changing Cause of Action on Appeal from Justice of the Peace.—Landlord and Tenant.*—On appeal from a justice of the peace, the circuit court should not permit the plaintiffs to amend their complaint from one in tort to one on contract. p. 361.

6. PLEADING.— *Complaint.—Amendments.— Increasing Damages.— Landlord and Tenant.—Holding Over.*—It is proper, where a landlord sued for possession and damages before a justice of the peace, the tenant subsequently vacating the premises, for the justice, or the circuit court, on appeal, to permit an amendment to include the whole of the damages to the time of vacating the premises. p. 361.

7. APPEAL.—*Right Result.—Landlord and Tenant.—Holding Over.*—The wrongful refusal to strike out a paragraph of complaint, in an action by a landlord against the tenant for unlawfully holding over, is harmless, where the evidence fully sustains the other paragraph of complaint. pp. 362, 363.

8. LANDLORD AND TENANT.—*Contracts.—Breach.—Payment of Rent.—Excuses.*—Where a landlord agreed to execute a written lease to the tenant, and refused to do so, upon demand, such tenant may not lawfully hold possession of the premises without the payment of the stipulated rent. p. 362.

From Superior Court of Marion County (69,577) ; *Vinson Carter*, Judge.

Action by Phoebe M. Hummell and another against William G. Holland. From a judgment for plaintiffs, defendant appeals. *Affirmed.*

*David A. Leach* and *John H. H. Stahl*, for appellant.

*Charles B. Clarke*, *Walter C. Clarke* and *Clement M. Holderman*, for appellees.

RABB, J.—This action was brought against the appellant, before a justice of the peace, under the provisions of §8071 Burns 1908, §5225 R. S. 1881, to recover possession of the

premises described in the complaint, and damages for the unlawful detention thereof. A trial was had before the justice, resulting in a judgment against the appellant, from which an appeal was taken to the Superior Court of Marion County, where appellant filed a demurrer to the complaint, which was overruled. Subsequently, upon leave, an amended complaint in two paragraphs was filed. Appellant's motion to strike out each paragraph of this amended complaint was overruled, and appellant thereupon filed a demurrer to each paragraph of said amended complaint, which was also overruled. An answer and reply thereto were filed, the cause submitted to a jury for trial, and a verdict returned in favor of appellees, assessing their damages at $93. Appellant's motion for a new trial was overruled, and judgment rendered on the verdict.

Numerous errors are assigned in this court, but the only ones presented by the record, and urged here, are the overruling of appellant's motion to strike out the amended complaint, the overruling of his demurrer to each paragraph thereof, and the overruling of his motion for a new trial.

The action was originally begun, as before stated, to recover possession of the premises described in the complaint. While the cause was pending in the superior court, the appellant surrendered to the appellees the possession of the premises described in the complaint, and thereafter the court permitted the amended complaint to be filed.

A question is made in this court on the action of the court below in overruling appellant's demurrer to 1. the original complaint. As the original complaint was taken out of the record by the filing of the amended complaint, no question is presented here for our consideration.

The first paragraph of the amended complaint avers the leasing of the premises by the appellees to the appellant,

the appellant's taking of possession under the lease,
that the appellant wrongfully held possession of the premises without paying rent therefor, and that appellees were damaged in the sum of $125, and seeks to recover damages for such wrongful and unlawful occupancy of the premises. This paragraph sounds in tort.

The second paragraph of the complaint sounds in contract, and seeks to recover for the use and occupancy of the premises. Each paragraph of the complaint states a good cause of action, and is sufficient to withstand the demurrer; and no error intervened in overruling the demurrer of appellant to either paragraph of the amended complaint.

In causes appealed from a justice of the peace to a circuit or superior court, the latter court has the same powers to permit amendments to the pleadings that would be vested in the justice of the peace, had the cause remained pending in his court, and any amendment permitted by the court that would not be an abuse of discretion will not be subject to review on appeal.

An action by a landlord against a tenant to recover possession of leased premises for unlawfully holding over, begun before a justice of the peace, sounds in tort, and, after an appeal of such case to the circuit or superior court, such court may not properly, by way of amendment, permit the plaintiff to change the form of his action to one on contract, and we think the court committed an error in overruling appellant's motion to strike out the second paragraph of the amended complaint.

After the beginning of an action by the landlord against the tenant, to recover possession of the leased premises, if the tenant surrenders the possession, leaving nothing to litigate except the damages occasioned by the unlawful detention, there is no abuse of discretion on the part either of the justice or of the circuit court, after

such case has been filed, in permitting the plaintiff to amend his complaint in respect to the damages claimed for the unlawful detention of the property, and no error, we think, intervened in permitting this amendment to be made.

The evidence, which is in the record, shows without dispute that the error committed by the court in overruling appellant's motion to strike out the second paragraph of the amended complaint was not harmful, and that the case was correctly determined, notwithstanding such error. A case was made by the evidence for the appellees under the first paragraph of the amended complaint. It is shown without dispute that the appellant rented the premises from the appellees, in the fall of 1904, at a rental of $14 per month, payable in advance, to be occupied until May 6, 1905, when appellant claims he was to have a written lease of the premises for one year from that date, upon the payment of a monthly rental of $15, paid in advance, the appellees contending that no such contract existed for the lease of the premises for one year from said date, and that after May 6, the appellant continued in the possession of the premises, refusing either to pay rent or to surrender the same, placing his ground for refusal to pay rent upon the fact that appellees disputed his right to the written lease for the term of one year. It made no matter whether appellant was right or wrong in his contention, he was under an obligation, according to his own theory, to pay $15 a month in advance. This he neglected and refused to do. Whether his right to the possession of the premises was evidenced by a contract in writing, or a parol contract, the obligation to pay the rent was the same, and he was in the wrongful and unlawful possession of the premises when he refused to pay the rent, as the contract, according to his own version, required it to be paid.

That the verdict returned was for the exact amount of damages the appellees were entitled to recover under the

contract, is not questioned, and, whatever erron-
7. eous rulings may have been made by the court be-
low upon appellant's various motions, a correct and
just result was reached, and no error appears in the record
for which the judgment should be reversed.

The judgment is affirmed.