## VAPINSKI ET AL. v. TOSETTI ET AL.

[No. 8,021. Filed June 6, 1913.]

1. JUDGMENT.—Default.—Setting Aside Default.—Sufficiency of Showing.—An affidavit in support of a motion to set aside a judgment taken by default, showing that affiant desired to resist the action in which the judgment was taken, that he employed a competent attorney for that purpose, and that he believed such attorney would prepare his defense in due time, but that, without affiant's knowledge, such attorney failed to appear in the action, in consequence of which such judgment was taken, wholly fails to disclose such mistake, inadvertence, surprise or excusable neglect as to entitle defendant to relief under §405 Burns 1908, §396 R. S. 1881. p. 548.

2.  JUDGMENT.—*Default.—Excusable Neglect.—Negligence of Attorney.*—The negligence of an attorney is the negligence of the client, and a default suffered through the attorney's neglect will not be set aside, unless facts are stated showing such neglect to ·be excusable.  p. 549.
3.  JUDGMENT.—*Motion to Set Aside Default.—Affidavits.—Theory.* —One seeking to set aside a default, must proceed on some definite theory and must stand or fall on the facts stated in the affidavit upon which the motion is based, so that facts stated in subsequent affidavits which do not support the facts stated in the original affidavit cannot be considered.  p. 549.

From Lake Superior Court; *John A. Gavit,* Judge.

Motion by Paul Vapinski and another to set aside a judgment taken against them by default in favor of Ernst Tosetti and others.  From a judgment overruling the motion, this appeal is prosecuted.  *Affirmed.*

*James W. Brissey,* for appellants.
*Reilly & Hardy,* for appellees.

LAIRY, J.—This appeal is taken from a judgment refusing to set aside a default and open up a judgment rendered by the court in favor of appellees and against appellants on April 28, 1909.  Appellant, Paul Vapinski, August 1, 1910, filed his motion supported by affidvits by which he sought to be relieved from such judgment upon the ground that the default was taken and the judgment rendered against him through his mistake, inadvertence and excusable neglect. The proceeding is based upon §405 Burns 1908, §396 R. S. 1881.

Appellants wholly fail to disclose such a case of
1.  mistake, inadvertence, surprise or excusable neglect as will entitle them to relief under the provisions of the statute to which we have referred.  The portion of his affidavit which relates to this subject is as follows: "That after said suit was filed in the above cause this affiant desired to resist the same, and in conformity to such desire did employ and pay a retainer fee to T. M. C. Hembroff, who was a first class attorney and in good standing at this bar;

that it was the intention and desire of this affiant that this action should be resisted, and all due preparations made to combat the same. That affiant fully believed that his attorney would prepare his defense in due time, but he did not do so, and failed to enter his appearance in such case, all without the knowledge of this affiant, and, that thereafter to wit: on April 25, 1909, judgment by default was taken against this plaintiff and his said wife, and in the sum of $2340.90, by plaintiff in said cause.''

The courts of this State have held repeatedly that
2. the negligence of the attorney is the negligence of the client, and that a default suffered through the neglect of an attorney will not be set aside, unless facts are stated which show such neglect to be excusable. *Carr* v. *First National Bank* (1905), 35 Ind. App. 216, 73 N. E. 947, 111 Am. St. 159; *Moore* v. *Horner* (1896), 146 Ind. 287, 45 N. E. 341, and cases there cited. Subsequent to the
3. filing of his motion and affidavit, appellants filed two additional affidavits in support of their motion. The facts stated in these affidavits do not support the facts stated in the affidavit of appellants upon which the motion to set aside the judgment is based. The facts stated in these affidavits cannot be considered. Appellants must proceed upon some definite theory, and they must stand or fall on the facts stated in the affidavit upon which the motion is based.

The judgment of the trial court is correct and the judgment is affirmed.

NOTE.—Reported in 102 N. E. 51. See, also, under (1) 23 Cyc. 930, 939; (2) 23 Cyc. 939; (3) 23 Cyc. 954. As to negligence of attorney as ground for vacating judgment, see 80 Am. St. 264; 96 Am. St. 108.