## Kempton Lodge, No. 482, I. O. O. F. *v.* Mozingo, Administrator.

[No. 22,491.   Filed December 10, 1913.]

1. APPEAL.— *Review.*— *Harmless Error.*— *Ruling on Demurrer.*— Error, if any, in sustaining a demurrer to defendant's plea in abatement tendered in answer to the original complaint, was harmless, where, prior to the ruling, the plaintiff filed an amended complaint which was complete in itself.   p. 568.

2. PLEADING. — *Complaint.* — *Amendment.* — *Effect.* — An amended complaint which is complete in itself, and does not refer to the original complaint, entirely supersedes it, and becomes the sole statement of the plaintiff's cause of action.   p. 568.

3. BENEFICIAL ASSOCIATIONS.—*By-Laws.*— *Private Tribunals.*—*Resort to Courts.*—Although a beneficial association may by its by-laws provide tribunals within the order for the settlement of controversies between the association and its members, and require, as a condition precedent to a suit at law, that an aggrieved person shall exhaust such remedy or show a valid reason for failure so to do, it may not, either directly or indirectly, wholly take away from its members the right to invoke the aid of the courts. p. 570.

4. BENEFICIAL ASSOCIATIONS.—*Claims.*—*Remedies Within Order.*— *Pursuit.*—*Complaint.*—*Sufficiency.*—A complaint in an action against a beneficial association alleging that after the claim of plaintiff's decedent had been rejected, "an appeal was taken from the decision of the lodge, and in pursuance to the laws of the order regarding such appeals," a committee was selected to try the claim, that such committee failed to meet for the reason that defendant instructed its member thereof "not to act or proceed to discharge his duties until directed to do so by it," and that therefore "plaintiff is and has been unable to secure a trial of his said claim, although the same is just and meritorious," on its face sufficiently shows a good faith effort to comply with the procedure prescribed by the laws of the order and that the remedy so provided had become unavailable. p. 571.

5. EVIDENCE.—*Judicial Notice.*—*By-Laws of Private Organizations.* —Courts cannot take judicial notice of the statutes and by-laws promulgated by private organizations for the government of their own affairs. p. 571.

6. BENEFICIAL ASSOCIATIONS. — *Claims.*—*Complaint.*—*Failure to Pursue Remedies Within Order.*—*Abatement.*—Where the complaint in an action against a beneficial association to recover sick benefits was sufficient to make a *prima facie* showing that relief could not be obtained by further pursuing the procedure prescribed by the rules of the order, which forbade resort to the courts until the remedies within the order have been exhausted, plaintiff's failure, if any, to take the proper steps under the laws of the order to obtain the allowance of his claim should be alleged by way of plea in abatement addressed to the complaint. p. 571.

7. BENEFICIAL ASSOCIATIONS.—*Claims.*—*Complaint.*—*Demand.*—A complaint against a beneficial association to recover sick benefits, alleging that "under the by-laws every member who shall have attained the three degrees and shall have been for not less than six months a contributing member in full fellowship, or shall have been admitted on an unexpired card and paid six months' dues in advance at the time of his admission, being in good standing, and having given due notice of such sickness, shall be

entitled, should he become sick or injured and unable to earn a livelihood, to a sum," etc., and in substance averring that plaintiff's decedent was regularly entitled to the benefits provided, that he had given notice of his sickness and had received partial satisfaction of his claim, sufficiently showed a demand for the benefits due, and if any reason existed for nonpayment of same, the burden was on defendant to allege and prove such fact. p. 572.

From Tipton Circuit Court; *Leroy B. Nash*, Judge.

Action by Francis T. Mozingo, administrator of the estate of Francis M. Mozingo, deceased, against Kempton Lodge, No. 482, Independent Order of Odd Fellows. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.) *Affirmed.*

*George H. Gifford, Glen J. Gifford, John P. Kemp, Charles Kemp* and *George Shirts,* for appellant.

*John A. Swoveland* and *Every A. Mock,* for appellee.

SPENCER, J.—This is an action commenced in the Tipton Circuit Court by Francis M. Mozingo to recover sick benefits alleged to be due him from appellant. Before the judgment herein was rendered said Francis M. Mozingo departed this life, and appellee, the administrator of said decedent's estate, was substituted as party plaintiff.

The original complaint in this cause was filed on August 30, 1910. In answer thereto appellant tendered a plea in abatement, to which a demurrer was filed and sustained. Prior to the ruling on such demurrer, however, appellee's decedent filed an amended complaint in two paragraphs but appellant made no effort to refile its plea in abatement. Appellee now contends that the error, if any, in sustaining the demurrer thereto was harmless. This position is well taken. An amended complaint, which is complete in itself, and which does not refer to the original complaint, entirely supersedes it, and becomes the sole statement of the plaintiff's cause of action. *Travelers' Protective Assn. v. Smith* (    ), ... Ind. ...,

101 N. E. 817; *Weaver* v. *Apple* (1897), 147 Ind. 304, 46
N. E. 642; *Hedrick* v. *Whitehorn* (1896), 145 Ind. 642, 43
N. E. 942; *Holland* v. *Hummell* (1909), 43 Ind. App. 358,
87 N. E. 662. Appellant's plea in abatement was addressed
to the original complaint in this cause. The original com-
plaint later was superseded by an amended complaint, which
stood independent of all prior proceedings, and if appellant
sought to abate the cause of action stated in such amended
pleading, it should have addressed a proper plea thereto.

The first paragraph of the amended complaint alleges, in
substance, that appellant is a secret benevolent and beneficial
order, organized under the laws of Indiana; that it is a sub-
ordinate order, acting under a charter granted by the Grand
Lodge of Independent Order of Odd Fellows of the State
of Indiana; that pursuant to the authority granted in such
charter and in accordance with certain specified statutes of
said Grand Lodge, appellant enacted a by-law, which was
in full force at the times herein mentioned, prescribing that
any member who had been a contributing member in full
fellowship for six months when incapacitated by illness
should receive certain stated sums as sick benefits; that on
January 27, 1907, appellee's decedent sustained a stroke of
paralysis and subsequent to that time was sick and unable
to earn a livelihood; that he was at all times during said
illness fully entitled to receive sick benefits in accordance
with appellant's said by-law and gave due notice of his
sickness to appellant; that he prepared and presented to ap-
pellant lodge a claim for the benefits due him, which claim
was rejected, and he then "appealed from the decision of
said lodge, and in pursuance to the laws of the order regard-
ing such appeals, he selected a Past Grand of a neighbor
lodge, as one of a Committee of Past Grands to act as a
trial committee, in the trial of the merits of his said claim;
that in pursuance to said laws, the defendant (appellant)
also appointed a Past Grand of a neighbor lodge to serve
on said committee; that under said laws of said defendant

order, the two Past Grands thus selected should choose a third Past Grand, all of whom should constitute a committee to try said claim; that the Past Grand chosen by the plaintiff has been ready and willing at all times to select a third Past Grand, but the defendant wrongfully instructed the Past Grand so selected by it not to act or proceed to discharge his duties until directed to do so by it, under the seal of its lodge, and said Past Grand has elected to conform to the wishes of said defendant, and thus refuses to discharge the duties encumbent upon him as a member of such committee, and refuses to select a third Past Grand; that therefore plaintiff is and has been unable to secure a trial of his claim, although the same is just and meritorious." Then follows the prayer for relief.

A demurrer to this paragraph of complaint was overruled and such ruling is now assigned as error. Appellant relies on the rule that a beneficial or fraternal association may, by its by-laws, provide tribunals within the order itself for the settlement of matters in controversy between the association and its members, and require, as a condition precedent to a suit at law, that the aggrieved member either shall exhaust his remedies so provided or show a valid reason for his failure so to do. *Supreme Council, etc.* v. *Grove* (1911), 176 Ind. 356, 363, 96 N. E. 159, and cases cited; *Bauer* v. *Samson Lodge, etc.* (1885), 102 Ind. 262, 1 N. E. 571. This rule is applicable here but, although organizations such as appellant may prescribe reasonable regulations as to procedure in enforcing claims, they may not, either directly or indirectly, wholly take away from their members the right to invoke the aid of the courts. *Supreme Council, etc.* v. *Forsinger* (1890), 125 Ind. 52, 59, 25 N. E. 129, 9 L. R. A. 501, 21 Am. St. 196; *Bauer* v. *Samson Lodge, etc., supra,* 268; *Voluntary Relief Dept., etc.* v. *Spencer* (1897), 17 Ind. App. 123, 127, 46 N. E. 477.

The question before us, then, is the sufficiency of the first paragraph of amended complaint to show either a compli-

ance by appellee's decedent with the procedure estab-
4. lished by appellant to govern controversies of this
character or a valid excuse for failing to so comply.
The complaint charges that after his claim had been rejected
by appellant, appellee's decedent "appealed from the deci-
sion of said Lodge, and *in pursuance to the laws of the order
regarding such appeals"*, selected one member of the com-
mittee which should try his claim; that this committee failed
to meet for the reason that appellant instructed its member
thereof "not to act or proceed to discharge his duties until
directed to do so by it"; that therefore "plaintiff is and has
been unable to secure a trial of his said claim, although the
same is just and meritorious". Fairly construed, the com-
plaint, on its face, shows a good faith effort on the part of
the plaintiff to comply with that procedure which, he alleges,
is prescribed by "the laws of the order regarding such ap-
peals." Courts cannot take judicial notice of the
5. statutes and by-laws promulgated by private organ-
izations for the government of their own affairs and
if, in fact, the plaintiff herein failed to take the
6. proper steps under the laws of the order to perfect
his appeal from the decision of appellant lodge, the
latter should have set up such failure by way of a plea in
abatement addressed to the amended complaint. As the case
now comes to this court the facts averred in the amended
pleading are, by the demurrer, admitted to be true and are
sufficient to make a *prima facie* showing that appellee's de-
cedent was prevented from complying further with appel-
lant's laws and rules by the act of that body itself. He
was then entitled to resort to the courts to enforce his claim,
and the demurrer was properly overruled. *Supreme Coun-
cil, etc.* v. *Forsinger, supra,* 58; *Supreme Sitting Order, etc.*
v. *Stein* (1889), 120 Ind. 270, 279, 22 N. E. 136.

Our conclusions above stated serve, also, to dispose of
each, save one, of the objections urged against the second
paragraph of complaint. Appellant contends that this para-

graph is insufficient for the further reason that it
7. does not charge that any demand was ever made
on appellant for the sick benefits alleged to be due.
The complaint avers that, under the provisions of appellant's laws, ''every member who shall have attained the three degrees and shall have been for not less than six months a contributing member in full fellowship, or shall have been admitted on an unexpired card and paid six months' dues in advance at the time of his admission, being in good standing, and having given due notice of such sickness, shall be entitled, should he become sick or injured and unable to earn a livelihood, to a sum,'' etc.    It is then alleged, in substance, that appellee's decedent was regularly entitled to the benefits provided; that he gave due notice of his sickness to appellant; and that he received from appellant a partial satisfaction of his claim.    It thus appears that he fully complied with the terms of his contract as set out in the complaint, and if, under other provisions of appellant's laws, further notice or demand was necessary or if sufficient reason existed for the nonpayment of the balance alleged to be due, the burden was on appellant to allege and prove such facts.

We see no error in the rulings of the trial court and the judgment is therefore affirmed.

NOTE.—Reported in 103 N. E. 411.  See, also, under (1) 31 Cyc. 358;  (2) 31 Cyc. 465;  (3) 29 Cyc. 208;  (4) 29 Cyc. 224;  (5) 16 Cyc. 882;  (6) 29 Cyc. 225, 229;  (7) 29 Cyc. 222.  As to jurisdiction of courts over associations and lodges, see 7 Am. St. 160; 68 Am. St. 856.  As to remedies of members of assocations and lodges, see 59 Am. St. 198.  As to recourse to the courts by members of benevolent, beneficial and similar associations to protect property rights, see 3 Ann. Cas. 211.  As to the conclusiveness of decisions of tribunals of benevolent societies, see 49 L. R. A. 353; 2 L. R. A. (N. S.) 672.