JONES ET AL. *v.* THE CHATFIELD & WOODS COMPANY.

[No. 8,917.  Filed December 8, 1915.]

1. PLEADING.—*Complaint.*—*Amendment.*—The filing of an amended complaint takes the original from the record.   p. 268.

2. APPEAL.—*Review.*—*Amended Complaint.*—*Exceptions to Ruling on Demurrer to Original.*—Where appellants' demurrer to the com-

plaint was overruled, the subsequent filing of an amended complaint took out of the record the exceptions reserved on the overruling of the demurrer to the original complaint. p. 268.

3. APPEAL.—*Assignment of Errors.*—*Review.*—Reversal can not be predicated on an assignment of error in sustaining a demurrer to a second paragraph of answer, where the only second paragraph of answer appearing in the record was addressed to the original complaint and filed prior to the filing of an amended complaint. p. 268.

4. APPEAL.—*Questions Reviewable.*—*Ruling on Motion for New Trial.*—Where the evidence is not in the record, and no complaint is made as to the special finding of facts, no question is presented on the overruling of the motion for a new trial. p. 269.

From Owen Circuit Court; *James B. Wilson, Judge.*

Action by The Chatfield & Woods Company against Winfield Jones and others. From a judgment for plaintiff, certain defendants appeal. *Affirmed.*

*John A. Riddle* and *A. M. Beasley*, for appellants.

*William L. Slinkard* and *Will R. Vosloh*, for appellee.

MORAN, J.—On February 1, 1904, appellee commenced an action in the Greene Circuit Court, against appellants, Charles F. and Winfield Jones, to recover an indebtedness alleged to be due appellee from said appellants, and after the commencement of the action upon application of appellee a writ of attachment issued against the property of appellants, Jones and Jones, consisting of a printing press and other chattel property. On February 13, 1904, appellants, Jones and Jones, as principals, and appellants, Terrence Carroll and John A. Riddle, as sureties, executed a delivery bond upon the approval of which the property attached was turned over to appellants, Jones and Jones. Upon a trial of the cause, judgment was rendered against said appellants in the sum of $743.59 and costs, together with

judgment in attachment. On March 31, 1909, an action was instituted by appellee against all of appellants in this cause on the delivery bond on the grounds that there was a breach of the bond in that appellants disposed of the property attached, except a portion thereof of the value of $200. Upon issue being joined and a trial had in the Owen Circuit Court, where the cause had been venued, judgment was rendered against all appellants in the sum of $807.93.

A review of the judgment is sought by appellants, Terrence Carroll and John A. Riddle. The names of appellants, Jones and Jones, appear in the caption of the assignment of errors, but no error is assigned by them. The errors assigned by appellants, Terrence Carroll and John A. Riddle, are, (1) overruling of the separate demurrer to the complaint, (2) sustaining the demurrer of appellee to the second paragraph of the joint and separate amended answer of said appellants, (3) overruling the motion for a new trial.

Appellee very earnestly insists that the infirmities of the record are such that neither of the errors relied on can be considered. On May 3, 1909, a demurrer was filed to the complaint by appellants, Carroll and Riddle, on the ground that the complaint did not state facts sufficient to constitute a cause of action against them. On September 8, 1909, the demurrer was overruled and exceptions reserved. On September 27, 1909, appellants, Carroll and Riddle, filed an answer in two paragraphs, the first being an answer in general denial, the second an affirmative paragraph based upon the theory that the property attached, and for the delivery of which the bond was executed, was not the property of Charles E. and Winfield Jones; that one Moss held a first mortgage on the same, which antedated the

writ of attachment as against the printing press, in the sum of $3,000, and that the balance of the property was owned by persons other than Jones and Jones, and that subsequent to the issuing of the attachment the property mortgaged was seized by the mortgagee on a writ of replevin. On December 3, 1909, a demurrer to the affirmative paragraph of answer was sustained and an amended second paragraph of answer was filed, to which a demurrer was sustained. A third effort made to amend met the same fate. On February 14, 1910, appellee filed an amended complaint, which took the original complaint out of the record. *Weaver* v. *Apple* (1897), 147 Ind. 304, 46 N. E. 642; *Scott* v. *Lafayette Gas Co.* (1908), 42 Ind. App. 614, 86 N. E. 495. The record shows that no demurrer was addressed to the amended complaint. An order book entry bearing date of December 2, 1910, discloses the following: "Come again the parties hereto by their attorneys and the defendants file an answer herein in words and figures as follows, to wit": But no answer appears in the record at this place. But on December 16, 1911, an answer affirmative in its nature and denominated a "substitute answer" was filed, to which was addressed a reply in general denial. The substituted answer is the only answer addressed to the amended complaint. Upon the issues thus formed the judgment sought to be reviewed rests. The filing of an amended complaint took out of the record the exceptions that appellants reserved on the ruling on the demurrer to the original complaint. Elliott, App. Proc. §595; *Weaver* v. *Apple*, *supra*; *Kempton Lodge, etc.* v. *Mozingo* (1913), 180 Ind. 566, 103 N. E. 411. No second paragraph of answer, as designated in the assignment of errors, was addressed to the amended com-

plaint, therefore there can be no error predicated on this assignment of error. *Kempton Lodge, etc. v. Mozingo, supra.*

This leaves for consideration the third assignment of error, viz., the overruling of the motion for a new trial. The evidence is not before 4. us. The facts were specially found by the court and conclusions of law stated thereon. No complaint is made, however, as to the facts thus found by the court. There is no error presented, which entitled appellants to a new trial. *Lusch v. Pool* (1904), 32 Ind. App. 340, 69 N. E. 687.

The state of the record is such that it precludes an examination of the cause upon its merits. Judgment affirmed.

NOTE.—Reported in 110 N. E. 561. See, also, under (1) 31 Cyc 465; (2) 31 Cyc 466; (4) 3 Cyc 175.