SWEETMAN *v.* PERU BUILDING AND LOAN
ASSOCIATION ET AL.

[No. 15,207.   Filed February 18, 1936.]

*Elmer S. Morris,* for appellant.

*Henry S. Bailey,* for appellees.

KIME, P. J.—The appellant filed a complaint in one paragraph, to set aside a judgment taken against her by default, alleging therein that the judgment had been rendered on the 23rd day of June, 1930, and the record shows that the complaint herein was filed on the 2nd day of February, 1932, and alleging further that she had notice of the filing of the suit in the first instance and that she employed an attorney to represent her; that the

attorney did enter his appearance in said action but later withdrew his appearance without her knowledge and judgment was rendered against her by default.

There is no allegation in said complaint which shows that this judgment was taken by surprise, inadvertence, or excusable neglect. The complaint shows affirmatively, upon its face, that she was represented by an attorney but fails to show that his withdrawal was not proper under the circumstances or that he did it in such a manner as to constitute fraud. It is true she alleges that she had no knowledge that he withdrew his appearance but that alone is not sufficient. The complaint also alleges the facts surrounding the execution of the mortgage which it is not necessary to set out here.

To this complaint the appellees filed their demurrer. This demurrer was sustained and the appellant then filed another pleading which she denominated a "second paragraph of complaint and a further cause of action." This paragraph of complaint made no reference whatever to any surprise, inadvertence or excusable neglect and did nothing except set out more specifically the facts surrounding the execution of the mortgage and must be, for the purpose of this appeal, deemed to have been an amended complaint, as the sustaining of the demurrer took out of this case the original complaint. *Kennedy* v. *Anderson* (1884), 98 Ind. 151; *Wabash & W. R. Co.* v. *Morgan* (1892), 132 Ind. 430, 31 N. E. 661, 32 N. E. 85; *Hedrick* v. *Whitehorn* (1896), 145 Ind. 642, 43 N. E. 942; *Weaver* v. *Apple* (1896), 147 Ind. 304, 46 N. E. 541; *Worl* v. *Republic Iron & Steel Co.* (1903), 31 Ind. App. 16, 66 N. E. 1021; *Jones* v. *Chatfield & Woods Co.* (1915), 60 Ind. App. 265, 110 N. E. 561.

To this amended complaint there was filed a demurrer by the appellants for the reason that it did not contain

facts sufficient to constitute a cause of action. This demurrer was also sustained, following which the appellee filed what she denominated a "third and further paragraph of complaint and an additional cause of action." This pleading did nothing more than plead the transactions surrounding the execution of the mortgage in greater detail than had the previous one and made no attempt whatsoever to show that the judgment was taken against her by surprise, inadvertence, or excusable neglect. To this paragraph of pleading the appellees filed a motion to strike for the reason that it stated an entirely new and different cause of action. This motion was by the court sustained. Following this the appellant filed a petition to be allowed to prosecute the action as a poor person following which the court made the following entry. "Demurrer to second paragraph of complaint having been heretofore sustained the plaintiff refusing to plead further, judgment is now rendered against said plaintiff for costs, to which ruling of the court the plaintiff now excepts. It is therefore ordered, adjudged and decreed by the court that the defendant recover its costs." An appeal was then perfected, the appellant assigning as error "(1) the ruling of the court in sustaining the demurrer to the second paragraph of complaint" (and in assigning error it might be well to note that the appellant denominates the second pleading filed by her as a second paragraph of complaint) "and (2) error of the court in striking out the third paragraph of complaint." Of course, as indicated above, there is no error as to the overruling of the demurrer to the first paragraph of complaint.

This court, in the case of *Falmouth State Bank* v. *Hayes* (1933), 97 Ind. App. 68, 72, 185 N. E. 662, said: "In order to justify the trial court in setting aside the default judgment against appellee it was necessary, under section 423, Burns, *supra* (1926) that two things

concur, namely: (1) The judgment must have been taken against the judgment defendant through his mistake, inadvertence, surprise, or excusable neglect; and (2) it must be shown by his complaint that he had a meritorious defense to the cause of action upon which the judgment was founded." And in the case of *Vapinski* v. *Tosetti* (1913), 53 Ind. App. 547, 549, 102 N. E. 51, said: "The courts of this State have held repeatedly that the negligence of the attorney is the negligence of the client, and that a default suffered through the neglect of an attorney will not be set aside, unless facts are stated which show such neglect to be excusable. *Carr* v. *First National Bank* (1905), 35 Ind. App. 216, 73 N. E. 947, 111 Am. St. 159; *Moore* v. *Horner* (1896), 146 Ind. 287, 45 N. E. 341, and cases there cited."

The amended paragraph of complaint made no reference to any reason why the judgment should be set aside, and consequently there can be no error in sustaining a demurrer to such a complaint. As to the alleged error of the court in striking out the third paragraph of complaint the same defect as was pointed out in the second paragraph would be sufficient reason for the action of the court in addition to the fact that the third paragraph stated no cause of action of any kind and had no direct connection with the prior pleading and striking it from the record would not constitute reversible error.

The judgment of the Miami Circuit Court is in all things affirmed and it is so ordered.

Bridwell, J., concurs in result.