WATSON *v.* GARY STREET RAILWAY COMPANY.

[No. 15,790.  Filed February 16, 1938.]

*Adelbert S. Moore,* for appellant.

*James A. Sweeney,* for appellee.

CURTIS, · J.—The record discloses that on April 5, 1935, the appellant filed her complaint in the trial court for damages for personal injuries alleged to have been sustained by her on January 24, 1935, while alighting from a street car upon which she was then a passenger, which street car at the time was owned and operated by the appellee. To this complaint the appellee addressed a motion to strike out certain parts, which was sustained in part. On December 21, 1935, the appellant filed an

amended complaint, to which amended complaint the appellee filed a demurrer which was sustained with an exception to the appellant. The appellant refused to plead further, electing to stand upon the said ruling, whereupon the court made a finding and entered judgment that she take nothing by her amended complaint. From that judgment this appeal was prosecuted.

The assignment of error contains five specifications as follows:

1st. Error in sustaining the said motion to strike out parts of the original complaint.

2nd. Error in the ruling on the demurrer to the amended complaint.

3d. The court erred in overruling appellant's motion to correct the record filed under date of April 29, 1935.

4th. The court erred in overruling appellant's motion to be allowed to appeal as a poor person.

5th. This specification is the same in legal effect as specification number 2 above set forth.

When the appellant filed her amended complaint which the record shows she filed on December 21, 1935, her original complaint was thereby taken out of the record together with all rulings thereon. See: Watson's Revision of Work's Practice and Forms, Vol. 1, §794, also *Weaver et al.* v. *Apple* (1897), 147 Ind. 304, 46 N. E. 642; *Jones et al.* v. *The Chatfield Woods Co.* (1915), 60 Ind. App. 265, 110 N. E. 561; *Kempton Lodge No. 482, I. O. O. F.* v. *Mozing, Admr.* (1913), 180 Ind. 566, 103 N. E. 411. The rule is that where an amended complaint purports to be complete in itself and does not depend upon the original complaint it becomes the sole statement of the plaintiff's cause of action and entirely supersedes the original complaint. No available error is therefore presented by specification number one of the assignment of error which re-

lates only to the original complaint. As to specifications numbers 2 and 5 relating to the ruling on the demurrer to the amended complaint a search of the appellant's brief shows that both the amended complaint and the demurrer thereto are omitted entirely. In order for this court to pass upon the alleged error in the ruling on said demurrer it would be necessary for us to search the record. This we cannot do for the purpose of reversal. If specifications numbered 3 and 4 might be the basis for any alleged error, a matter which we need not decide, yet no showing whatever has been made by the appellant that she was in any manner harmed by said rulings or that her appeal was thereby in any manner prejudiced.

No reversible error having been presented, the judgment is affirmed.